UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE KREIDER and KEITH KREIDER, individually and as wife and husband<br>200 Pinnacle Road West<br>Holtwood, PA  17532 | : <br> : <br> : <br> : <br> : <br> : | |
| Plaintiffs | : <br> : | CIVIL ACTION NO. _____ |
| v. | : <br> : | ASSIGNED TO JUDGE _____ |
| LIBERTY MUTUAL GENERAL INSURANCE CO. | : <br> : | |
| Defendant | : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, come the Plaintiffs, Laurie Kreider and Keith Kreider, individually and as wife and husband, by and through their attorneys, Metzger, Wickersham, Knauss & Erb, P.C.,  and respectfully represent the following:

## PARTIES

1.     Plaintiffs, Laurie Kreider and Keith Kreider, wife and husband, are adult individuals residing at 200 Pinnacle Road West, Holtwood, Lancaster County, Pennsylvania, 17532.

2.     Defendant, Liberty Mutual General Insurance Co. (hereinafter referred to as "Liberty Mutual") is a corporation incorporated under the laws of Massachusetts with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts, 02116.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

4.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

5.     At all times pertinent hereto, Defendant Liberty Mutual was a Massachusetts corporation engaged in the business of insurance, and provided insurance services and products throughout the Commonwealth of Pennsylvania, and regularly conducted business in Lancaster County, Pennsylvania.

6.     Venue is properly laid in the Eastern District of Pennsylvania because the action arises out of a motor vehicle accident which occurred in Chester County, Pennsylvania.

## FACTUAL BACKGROUND

7.     The within action involves a motor vehicle accident that occurred on September 15, 2018, at approximately 12:50 p.m. on Lincoln Highway in the area of Swan Road, West Sadsbury Towship, Chester County, Pennsylvania.

8.    Three vehicles were involved in the accident:  (1) a 2001 Ford F250 pick-up truck, driven by Richard Adams; (2) a 2011 Nissan Murano driven by Plaintiff Laurie Kreider and occupied by Plaintiff Keith Kreider; and a 2011 Chevrolet K1500 pick-up truck, driven by Scott Martler.

9.    The crash occurred as all three vehicles were traveling westbound on Lincoln Highway in the area of Swan Road.  Traffic ahead was stopped.  Plaintiff, Laurie Kreider, came to a stop.  Richard Adams struck the rear of the Kreider vehicle propelling it into the center turn lane; Mr. Adams continued westbound and struck the rear of the Martler vehicle.

10.    When the police arrived at the scene, they noted that both the Adams vehicle and the Kreider vehicle sustained "major damage."  Both vehicles were towed from the scene.

11.    Plaintiffs, Laurie and Keith Kreider were injured and transported from the scene via ambulance.

12.    As a result of the automobile accident, Plaintiff, Laurie Kreider, sustained the following injuries and medical treatment:

**<u>Laurie Kreider</u>**

(a) Right shoulder pain/injury;

(b) Neck pain/injury;

(c) Right arm pain/injury;

(d) Back pain/injury;

(e) Concussion;

(f) Headaches;

(g) Displaced Clavicle;

(h) Sternal/Clavicle pain/injury;

(i) Contusion of coccyx;

(j) Muscle spasms;

(k) Right scapula pain/injury;

(l) Sleep disturbance/insomnia;

(m) Increased anxiety/nervousness;

(n) Right hand pain/injury.

13.    Plaintiff, Laurie Kreider, had to undergo multiple medical procedures, diagnostic studies, and surgeries which included:

(a) Examination right shoulder under anesthesia;

(b) Diagnostic arthroscopy right shoulder;

(c) Arthroscopic subacromial decompression, right shoulder;

(d) Arthroscopic Mumford, right shoulder;

(e) Arthroscopic rotator cuff repair, right shoulder.

(f) Surgical release of trigger finger;

(g) 43 visits of physical therapy;

(h) Various X-rays, MRIs and CT scans.

14.   As a result of the accident, Plaintiff, Keith Kreider, sustained the following injuries:

**<u>Keith Kreider</u>**

(a) Head pain/injury;

(b) Forehead laceration;

(c) Lower lip hematoma

(d) Right cheek pain/injury;

(e) Neck pain/injury;

(f) Post-traumatic headache;

(g) Face pain/injury;

(h) Nosebleed;

(i) Sinus pain/injury;

(j) Concussion;

(k) Right clavicular contusion;

(l) Right shoulder pain/injury;

(m)   Back pain/injury;

(n) Numbness and tingling down right arm into hand;

(o) Neck pain/injury;

(p) Chest pain/injury;

(q) Right arm/injury;

(r) Sleep disturbance;

(s) Post-concussion syndrome;

(t) Anxiety.

15.    Plaintiff, Keith Kreider, had to undergo multiple medical procedures, diagnostic studies, and surgeries which included:

(a) Examination right shoulder under anesthesia;

(b) Diagnostic arthroscopy, right shoulder;

(c) Arthroscopic subacromial decompression;

(d) Arthroscopic Mumford Procedure;

(e) Excision of central forehead scar with layered wound closure;

(f) 25 Physical Therapy sessions;

(g) Rehabilitation; and

(h) Various CT scans, EKG, MRIs and x-rays.

16.    At the time of the collision, the tortfeasor, Richard Adams, was charged with a violation of 75 Pa. C.S.A. §1786 or operating a vehicle without insurance.  Mr. Adams pled guilty to the charges on November 7, 2018.

17.    At the time of the accident, Plaintiffs were insured under an automobile insurance policy with Liberty Mutual General Insurance Company, Policy #AOS-288-180012-70-80.

18.    The contract of insurance with Liberty Mutual, which was in effect on the day of the accident, stated that there was uninsured motorist –stacked coverage under the policy in the amount of $100,000 per person.  There were three vehicles insured under the Liberty Mutual policy, for a total of $300,000.00 in uninsured motorist coverage per person based on information supplied by Defendant Liberty Mutual.  A true and correct copy of the Auto Policy Declarations Page is attached hereto as Exhibit "A".  A true and correct copy of the Policy is attached hereto as Exhibit "B".

19.    By letters dated December 19, 2019, Plaintiffs' counsel submitted demands to Liberty Mutual, with both Plaintiffs requesting $170,000.00 in full and final settlement of their claim.  See, Exhibit "C" and Exhibit "D" attached hereto.

20.    Defendant Liberty Mutual requested additional records, including prior medical records and other additional information of Plaintiffs, in order to evaluate Plaintiffs' demand of the uninsured motorist policy limits and same was provided to Liberty Mutual as requested.

21.    After requesting additional information from both Plaintiffs, on May 5, 2020, the Liberty Mutual adjuster responded and made offers as follows: $42,000 for Laurie Kreider's claim; and $55,000 for Keith Kreider's claim.

22.    Counterclaims were submitted to the Liberty Mutual adjuster on June 4, 2020 in the amount of $125,000.00 and then retracted.    Subsequently, new counterclaims were submitted in the amount of $150,00,00 per Plaintiff.

23.    Unfortunately, Plaintiffs both required additional treatment, including Laurie Kreider undergoing two additional surgical procedures.

24.    After these procedures, Plaintiff, Laurie Kreider, demanded the stacked policy limits of $300,000.00.

25.    On September 21, 2021, the Liberty Mutual adjuster increased their offers of settlement in the amount of $55,000 for Laurie Kreider's claim; and $85,000.00 for Keith Kreider's claim.

26.    Plaintiffs are entitled up to the uninsured motorist coverage of $300,000.00 per Plaintiff, through the policy of Defendant Liberty Mutual because there was no liability coverage in place at the time of the motor vehicle accident.

27.    Plaintiffs, Laurie and Keith Kreider, elected to purchase uninsured motorist coverage with Defendant Liberty Mutual in the amount of $100,000.00 per accident, "stacked", for three vehicles under the policy for a total of $300,000.00.  Said coverage was in full force and effect on September 15, 2018.

28.    As a result of Plaintiffs' election of stacked uninsured motorist coverage, they paid, and Defendant Liberty Mutual accepted, additional increased premium payments.

29.    Pursuant to the terms and contract of the insurance policy issued by Defendant Liberty Mutual, and pursuant to the laws of the Commonwealth of Pennsylvania, Plaintiffs are entitled to uninsured motorist benefits under the Liberty Mutual policy.

30.    By failing to offer the available coverage limits or make any reasonable offer under the applicable policy to the Plaintiffs, Defendant has breached the terms of their insurance policy.

31.    As a result of the Defendant's breach, Plaintiffs have suffered additional damages.

## COUNT I – BREACH OF CONTRACT
## LAURIE KREIDER AND KEITH KREIDER V. LIBERTY MUTUAL GENERAL INSURANCE COMPANY

32.    Paragraphs 1 through 31 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

33.    Under and pursuant to §1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law, any insurer issuing or delivering a liability insurance policy covering any motor vehicle of the type required to be registered must include a mandatory offering of uninsured motorist coverage benefits.

34.    Pursuant to the Liberty Mutual policy issued by Defendant to Plaintiffs, Plaintiffs paid for and does carry stacked uninsured motorist benefits in

the amount of $300,000.00, which is available to an "insured person" such as Plaintiffs for injuries arising out of the subject motor vehicle accident.

35.    Despite Defendant's contractual obligation under the terms of the above-referenced policy to pay for damages for bodily injury that its "insured person" is legally entitled to recover from the owner or operator of an uninsured motor vehicle, Defendant has failed and refused to make reasonable offers of uninsured motorist coverage.

36.    Plaintiffs have provided Defendant with all documentation, including medical records and medical bills, it has requested together with a demand for payment of uninsured motorist coverage benefits.

37.    Defendant has not raised any policy exclusions to Plaintiffs' uninsured motorist coverage claim.

38.    Defendant has not requested Plaintiffs to undergo independent/medical examinations to refute Plaintiffs' claims of injuries.

39.    As a direct and proximate result of Defendant's failure and refusal to pay said uninsured motorist benefits in the amount of $300,000.00 or any lesser agreed upon sum, Defendant is in breach of its contractual obligations as set forth in the above-referenced policy of insurance.

40.    As a result of Defendant's failure and refusal to pay said uninsured motorist benefits to Plaintiffs, as a requirement of the policy of insurance

referenced above, Plaintiffs have been forced to file the within action against Defendant in this Court.

41.     Plaintiffs' medical records clearly establish that they suffered significant personal injuries as a direct result of the motor vehicle accident on September 15, 2018.

42.     Plaintiffs, Laurie Kreider and Keith Kreider, have fully complied with all of the terms, conditions and duties required under the motor vehicle insurance policy with Defendant, Liberty Mutual.

43.     Defendant, Liberty Mutual, has breached its contract of insurance with the Plaintiffs by the following acts or omissions:

(a) Refusing to honor its contractual obligation to Plaintiffs;

(b) Failing to act in good faith and with due care in dealing with its insured;

(c) Breaching its duty of good faith and fair dealing in the performance and enforcement of its contract of insurance;

(d) In causing an unreasonable delay in investigating the claim;

(e) In failing to negotiate a settlement of the uninsured motorist claim;

(f) Failing to negotiate a settlement of the uninsured motorist claim where the damages were clear and incontrovertible;

(g) In forcing the insured into litigation despite lack of a legitimate dispute as to liability and damages;

(h) In unreasonably failing to pay reasonable uninsured motorist limits before going to suit;

(i) In violating the Unfair Insurance Practices Act (UIPA) by engaging in a repeated course of conduct on a frequent basis as a business practice in violation of 40 P.S. 1171.5(a) which reads as follows:

(10) Any of the following acts if committed or performed with such frequency as to indicate a business practice shall constitute unfair claim settlement or compromise practices.

(ii) Failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies.

(iv) Refusing to pay claims without conducting a reasonable investigation based upon all available information.

(v) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed and communicated to the company or its representatives.

(vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear.

(xiii) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage or under other policies of insurance.

(xiv) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

(j) In intentionally delaying making payment of policy limits when the

Defendant knew the value of Plaintiffs' claims;

(k) In failing to make a reasonable evaluation of the Plaintiffs' uninsured motorist claims;

(l) In failing to have any reasonable basis to dispute the extent of Plaintiff's injuries;

(m) Unreasonably delaying payment on the undersigned motorist claim;

(n)     Accepting premiums from Plaintiffs for this coverage, representing they have this coverage and then not paying any of the coverage when the damages are clear and substantiated.

44.    As a result of Defendant's breach of contract, Plaintiffs have sustained damages including the benefit of the policy proceeds, interest or investment income from same, costs incurred in pursuing the claim, additional attorneys' fees, court costs, expert witness fees, deposition costs and other related expenses.

45.    As the insurer of the Plaintiffs, Laurie Kreider and Keith Kreider, Defendant Liberty Mutual owes a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the uninsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

WHEREFORE, Plaintiffs, Laurie Kreider and Keith Kreider, demands judgment in their favor and against Defendant, Liberty Mutual General Insurance

Co., for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By:  /s/ Zachary D. Campbell
        Zachary D. Campbell, Esquire
        Attorney I.D. No. 93177
        2321 Paxton Church Road
        P.O. Box 69200
        Harrisburg, PA 17106-9200
        (717) 238-8187
        (717) 234-9478 (fax)
        zdc@mwke.com

Dated: January 6, 2022     Attorneys for Plaintiff

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Zachary D. Campbell, Esquire, hereby declare that I am the attorney for the Plaintiffs and that the facts in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief.  I, Zachary D. Campbell, Esquire, further declare under the penalty of perjury that the foregoing is true and correct.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By:  /s/ Zachary D. Campbell
　　　　Zachary D. Campbell, Esquire
　　　　Attorney I.D. No. 93177
　　　　2321 Paxton Church Road
　　　　P.O. Box 69200
　　　　Harrisburg, PA 17106-9200
　　　　(717) 238-8187
　　　　(717) 234-9478 (fax)
　　　　zdc@mwke.com
Dated:  January 6, 2022　　　　Attorneys for Plaintiffs

## VERIFICATION

I, Laurie Kreider, hereby certify that the following is correct:

The facts set forth in the foregoing Complaint are based upon information which I have furnished to counsel, as well as upon information which has been gathered by counsel and/or others acting on my behalf in this matter. The language of the Complaint is that of counsel and not my own. I have read the Complaint, and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon such counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Laurie Kreider

Dated: 12-16-2021

## **VERIFICATION**

I, Keith Kreider, hereby certify that the following is correct:

The facts set forth in the foregoing Complaint are based upon information which I have furnished to counsel, as well as upon information which has been gathered by counsel and/or others acting on my behalf in this matter.  The language of the Complaint is that of counsel and not my own.  I have read the Complaint, and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information, and belief.  To the extent that the content of the Complaint is that of counsel, I have relied upon such counsel in making this Verification.  I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.


Dated: 12-16-2021

Keith Kreider

**EXHIBIT "A"**

*000000*
Liberty Mutual
PO Box 970
Mishawaka, IN 46546



Keith Kreider
Laurie M Kreider
200 Pinnacle Rd W
Holtwood PA 17532-9510

**CONTACT US**

Questions About
Your Policy
**By Phone**
1-800-225-7014

**tru**STAGE®

**To Report a Claim**
**By Phone**
1-800-2CLAIMS
(1-800-225-2467)

## Thank you for insuring with Liberty Mutual

This package contains your updated policy declarations and documents that
reflect changes made to your policy:
- Add Paperless Policy Discount
- Eliminate Vehicle 4

Please look over this information and keep it with your insurance documents.

If you have any questions about your coverage, available discounts or product
offerings, please call us at **1-800-225-7014**.

Sincerely,
Your Liberty Mutual Service Team

### A GUIDE TO YOUR AUTO ENDORSEMENT PACKET

| PAGE | SECTION |
|------|---------|
| 1 | **Policy Declarations**<br>Includes important information about your policy, including vehicles and drivers covered as well as your discounts and benefits. |
| 2 | **Coverage Information**<br>Includes important coverage information. Please review this section in detail to ensure you are fully covered. Contact us with any questions. |



**Named Insured:**
1. Keith Kreider
2. Laurie M Kreider

**Policy Number:**
AOS-288-180012-70 8  0

**Policy Period:**
05/16/2018 to 05/16/2019

**Mailing Address:**
200 Pinnacle Rd W
Holtwood PA 17532-9510

**Affinity:**
Diamond Credit Union

4000000AAOS2881800127000000000

**THIS IS NOT YOUR AUTO INSURANCE BILL.** YOU WILL BE BILLED SEPARATELY.

 **Questions about your Policy?**
Call 1-800-225-7014

| Policy Number: | Report a Claim: |
| AOS-288-180012-70 8 0 | 1-800-2CLAIMS |

 Liberty Mutual INSURANCE

**ACTION REQUIRED:**
PLEASE REVIEW AND KEEP FOR YOUR RECORDS.

# Policy Declarations
## Total Annual Premium: $3,818.00

Reason for your new declarations page: Policy Change 06

Please refer to the **Change Detail** section for more information.

**Effective date of this change: 05/27/2018**

Your discounts and benefits have been applied. Includes state sales tax and local surcharge where applicable.

**THIS POLICY COVERS COLLISION DAMAGE TO RENTAL VEHICLES.**

## Insurance Information

| | | |
|---|---|---|
| Named Insured: | Keith Kreider<br>Laurie M Kreider | |
| | Policy Number: | AOS-288-180012-70 8 0 |
| Mailing Address: | 200 Pinnacle Rd W<br>Holtwood PA 17532-9510 | |
| | Policy Period: | 05/16/2018-05/16/2019 12:01 a.m.<br>standard time at the address of the<br>Named Insured |
| | Declarations Effective: | 05/27/2018 |
| | Affinity Affiliation: | Diamond Credit Union |

## Vehicles Covered by Your Auto Policy

| | YEAR | MAKE | MODEL | VEHICLE ID NUMBER | ANNUAL MILEAGE | PURCHASE DATE |
|---|---|---|---|---|---|---|
| 1 | 2011 | BMW | 328 | WBAPK5C58BF125144 | 2,500 | 2018 |
| 2 | 1999 | DODGE | RAM PU2500 | 3B7KF2361XG236908 | 2,500 | 2011 |
| 3 | 2011 | NISSAN | MURANO | JN8AZ1MW2BW154096 | 2,500 | 2015 |

## Driver Information

| | NAME | STATE | | NAME | STATE |
|---|---|---|---|---|---|
| 1 | Keith Kreider | PA | 2 | Laurie M Kreider | PA |
| 3 | Kaitlynn Kreider | PA | | | |

To ensure proper coverage, please contact us to add drivers not listed above.

 **Want to Add a Coverage?**
Call 1-800-225-7014 to talk to your agent about the availability of this coverage and whether it meets your needs.

**Policy Number:**
AOS-288-180012-70 8  0

**Report a Claim:**
1-800-2CLAIMS



### DISCOUNTS AND BENEFITS SECTION
Your discounts and benefits have been applied to your Total Annual  Policy Premium.

**Vehicle Discounts**

| | VEH 1 2011 BMW 328 | VEH 2 1999 DODGE RAM PU2 | VEH 3 2011 NISSAN MURANO |
|---|---|---|---|
| Anti-Theft Device Discount | • | | • |
| Vehicle Safety Discount | • | • | • |
| New-to-Liberty Vehicle Discount | • | • | • |

**Policy Discounts**

- Early Shopper Discount
- Paperless Policy Discount
- Student-away-at-School Discount
- Multi-Car Discount
- Good Student Discount
- Accident Free Discount
- Homeowner Discount
- Violation Free Discount
- Multi-Policy Property Discount
- Preferred Payment Discount

**Policy Benefits**

**Accident Forgiveness: Congratulations!** Your Policy has earned Accident Forgiveness!  If an experienced driver on your policy has an  accident, we won't raise your price due to the first  accident.

# Coverage Information

Your total annual policy premium for all covered vehicles is shown below. A premium is shown for each type of coverage you have purchased for each vehicle. **Where no premium is shown, you have not purchased the indicated coverage for that vehicle.**

| COVERAGE | LIMITS | | VEH 1 2011 BMW 328 | VEH 2 1999 DODGE RAM PU2 | VEH 3 2011 NISSAN MURANO |
|---|---|---|---|---|---|
| **A. Liability** | | | | | |
| Bodily Injury | $ $ | 100,000 Each Person 300,000 Each Accident | $350 | $175 | $338 |
| Property Damage | $ | 100,000 Each Accident | $372 | $269 | $421 |
| Full Tort Option Selected | | | | | |

 **Want to Add a Coverage?**
Call 1-800-225-7014 to talk to
your agent about the availability
of this coverage and whether it
meets your needs.

**Policy Number:**
AOS-288-180012-70 8  0

**Report a Claim:**
1-800-2CLAIMS



# Coverage Information continued

| COVERAGE | LIMITS | | PREMIUM PER VEHICLE | | |
|---|---|---|---|---|---|
| | | | VEH 1 2011 BMW 328 | VEH 2 1999 DODGE RAM PU2 | VEH 3 2011 NISSAN MURANO |
| **C. Uninsured Motorists** | | | | | |
| Uninsured Motorists | $ | 100,000 Each Person | $45 | $20 | $35 |
| Bodily Injury | $ | 300,000 Each Accident | | | |
| Full Tort Option Selected | | | | | |
| **Underinsured Motorists** | | | | | |
| Underinsured Motorists | $ | 100,000 Each Person | $135 | $59 | $106 |
| Bodily Injury | $ | 300,000 Each Accident | | | |
| Full Tort Option Selected | | | | | |
| **D. Coverage for Damage to Your Auto** | | | | | |
| **Collision** | | | $535 | Not Purchased* | $337 |
| Actual Cash Value Less Deductible Shown | | | | | |
| Veh 1 $500 | Veh 3 $500 | | | | |
| **Other Than Collision** | | | $244 | Not Purchased* | $136 |
| Actual Cash Value Less Deductible Shown | | | | | |
| Veh 1 $500 | Veh 3 $500 | | | | |
| **First Party Benefits** | | | | | |
| First Party Benefits | | | $68 | $21 | $62 |
| 5,000 Medical Expense | | | | | |
| 1,500 Funeral Expense | | | | | |
| 5,000 Income Loss | | | | | |
| 5,000 Accidental Death | | | | | |
| Full Tort Option Selected | | | | | |
| **Optional Coverages** | | | | | |
| Towing And Labor Cost Each Disablement | | | $6 | | $6 |
| Veh 1 $50 | Veh 3 $50 | | | | |
| Transportation Expenses | $45 Per Day $1,350 Per Accident | | $39 | | $39 |
| **Annual Premium Per Vehicle:** | | | **$1,794** | **$544** | **$1,480** |

 **Want to Add a Coverage?**
Call 1-800-225-7014 to talk to
your agent about the availability
of this coverage and whether it
meets your needs.

| Policy Number: | Report a Claim: |
| AOS-288-180012-70 8  0 | 1-800-2CLAIMS |

 Liberty Mutual
INSURANCE

## Coverage Information continued

### Premium Adjustment from 05/27/2018 to 05/16/2019

|  | VEH 1 | VEH 2 | VEH 3 | VEH 4 |
|---|---|---|---|---|
|  | $28CR | $8CR | $23CR | $133CR |

Total Adjustment: $192.00CR

**Total Annual Policy Premium: $3,818.00**

### Additional Coverages and Products Available*

We've reviewed your policy and have identified additional optional coverages and products that can add valuable protection. Talk to your agent about purchasing the following coverages and products and whether they meet your needs.

- **Deductible Fund**™: The last thing you want to think about after an accident is your deductible. We'll lower your collision deductible on every car on your policy by $100 each year you keep the fund.
- **Better Car Replacement**™: Totaling your car hurts. We'll make it feel a little better. If your car is totaled, we'll give you the money for a car that's one model year newer with 15,000 fewer miles on it.

*These optional coverages are subject to policy provisions, limitations, and exclusions. Daily limits or  a deductible may apply. For a complete explanation, please consult your agent today.

### Additional Information for Vehicles Covered by Your Policy

| Loss Payee(s) | Month/Year Expires |
|---|---|
| VEH 1: MEMBERS 1ST FCU | 12/2022 |

Vehicles Owned by Other Than the Named Insured

VEH 1: Kaitlynn Kreider

### Change Detail

Changes made to your policy for: Policy Change 06
- Add Paperless Policy Discount
- Eliminate Vehicle 4

### Policy Forms and Endorsements: The following forms and endorsements are applicable to your policy.

Uninsured Motorists Coverage - Pennsylvania
(Stacked) AS3689 06 16
Pennsylvania First Party Benefits Coverage
Endorsement PP 05 51 11 92
Split Uninsured Motorists Limits Pennsylvania
(Stacked) PP 04 22 07 90
Split Liability Limits PP 03 09 04 86

Towing and Labor Coverage AS2208 02 05

Notice to Others if Cancellation Occurs
AS1019 12 89

Underinsured Motorists Coverage - Pennsylvania
(Stacked) AS3691 06 16
Split Underinsured Motorists Limits Pennsylvania
(Stacked) PP 04 18 07 90
Optional Transportation Expenses Coverage
AS2207 02 05
Nuclear, Bio-Chemical & Mold Exclusion Endorsement
AS2221 04 05
Coverage For Damage To Your Auto Exclusion
Endorsement PP 13 01 12 99
Loss Payable Clause PP 03 05 08 86



**Questions about your Policy?**
Call 1-800-225-7014

| **Policy Number:**
AOS-288-180012-70 8  0

| **Report a Claim:**
1-800-2CLAIMS



LibertyGuard Auto Policy Declarations provided and underwritten by LM General Insurance Company (a stock insurance company), Boston, MA.

_____
President

_____
Secretary

This policy, including endorsements listed above, is countersigned by:

_____
Authorized Representative

**THIS IS NOT YOUR AUTO INSURANCE BILL.** YOU WILL BE BILLED SEPARATELY.

# EXHIBIT "B"



# Fax Cover Sheet

**Date:** 02/07/20 02:28:52 PM

**To:**

**Fax #:** 7178367742

**From:** Johnson, Aimee

**Pages (including cover):** 52

**Re:** re: Kreider claim# 038219851

**Notes:**

*Aimee E Johnson*

**Aimee E Johnson**

Sr. Claims Resolution Representative III

Medical Claims

PO Box 515097 Los Angeles, CA 90051-5097

856-355-1512

Liberty Mutual & Safeco Insurance

Toll Free: 866-548-5127 ext. 72531

Fax: 888-382-6719

Safeco Fax 888-268-8840

Monday – Friday 8 - 4:30pm

**Great news!!! You can now chat with me for claim updates via 2 way text message. Click**
**here to send me an email to opt in. Please include your claim number and the best**
**number to reach you via text.**

     

a    If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or
      copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error,
      please notify me via return email and permanently delete the original and any copy of any email, attachment, and
      any printout thereof. Thank you.

Feb 07 2020 14:39:45 EST        MSG# 1923206257-000-1      Page 003 Of 052

# Tort Option Selection —
# Notice to Named Insured



**ACTION REQUIRED:**

Please read, review, and select one of the two available tort options. Return all pages within 10 days to:



A. **Limited Tort** Option - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under the policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering unless the injuries suffered fall within the definition of **serious injury** as set forth in the policy, or unless one of several other exceptions noted in the policy applies. The annual premium for basic coverage as required by law under this **Limited Tort** option is $ 4,034. Additional coverage under this option is available at an additional cost.

B. **Full Tort** Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other non-monetary damages as a result of injuries caused by other drivers. The annual premium for basic coverage as required by law under this **Full Tort** option is $ 5,417. Additional coverage under this option is available at an additional cost.

C. You may contact your insurance agent to discuss the costs of other coverages.

D. If you wish to choose the **Limited Tort** option described in paragraph A, you must sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the **Full Tort** coverage as described in paragraph B and you will be charged the **Full Tort** premium. I UNDERSTAND THAT THIS ACKNOWLEDGEMENT OF COVERAGE SELECTION SHALL BE APPLICABLE, AS OF THE DATE SPECIFIED BELOW, TO THE POLICY OF INSURANCE IDENTIFIED ABOVE, ON ALL REPLACEMENT POLICIES AND ON ALL RENEWALS OF EITHER THIS POLICY OR ANY REPLACEMENT POLICY, UNLESS I REQUEST IN WRITING A DIFFERENT SELECTION FOR SUCH COVERAGE.

I WISH TO CHOOSE THE **LIMITED TORT** OPTION DESCRIBED IN PARAGRAPH A:

_____          _____
Signature of Named Insured                Date

## ——— OR ———

E. If you wish to choose the **Full Tort** option described in paragraph B, you must sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the **Full Tort** coverage as described in paragraph B and you will be charged the **Full Tort** premium. I UNDERSTAND THAT THIS ACKNOWLEDGEMENT OF COVERAGE SELECTION SHALL BE APPLICABLE, AS OF THE DATE SPECIFIED BELOW, TO THE POLICY OF INSURANCE IDENTIFIED ABOVE, ON ALL REPLACEMENT POLICIES AND ON ALL RENEWALS OF EITHER THIS POLICY OR ANY REPLACEMENT POLICY, UNLESS I REQUEST IN WRITING A DIFFERENT SELECTION FOR SUCH COVERAGE.

I WISH TO CHOOSE THE **FULL TORT** OPTION DESCRIBED IN PARAGRAPH B:

e-Signed by Keith Kreider on 2018-09-29
_____          _____
Signature of Named Insured                Date

◄ **SELECT ONLY ONE OF THE TWO OPTIONS** ►

PMKT 304 04 12

Keith Kreider
Laurie Kreider

Policy Number: AOS-288-180012-70 0
Policy effective from: 05/16/2018  05/16/2019

RECEIVED: 2020-02-07 14:39:57 (GMT -05:00)

Feb 07 2020 14:40:37 EST                    MSG# 1923206257-000-1     Page 004 OF 052





# LibertyGuard Auto Policy

Please read your policy and each endorsement carefully.

## To serve you best...

Liberty Mutual has over 350 service offices throughout the United States and Canada. Please contact your service office shown on your Declarations Page to report losses, or for any changes or questions about your insurance. Payments should be sent to the office indicated on your bill.

**THIS POLICY IS NONASSESSABLE**          Liberty Mutual Insurance Group

AUTO 3075PA 06 16

Feb 07 2020 14:40:57 EST                     MSG# 1923206257-000-1          Page 005 Of 052

# LIBERTYGUARD AUTO POLICY
## QUICK REFERENCE
### DECLARATIONS PAGE



**Liberty Mutual.**
INSURANCE

Your Name and Address
Your Auto or Trailer
Policy Period

| Coverages and Amounts of Insurance | Beginning On Page |
|---|---|
| Agreement | 1 |
| Definitions | 1 |

**PART A - LIABILITY COVERAGE**

| | |
|---|---|
| Insuring Agreement | 3 |
| Supplementary Payments | 3 |
| Exclusions | 3 |
| Limit of Liability | 5 |
| Out of State Coverage | 5 |
| Financial Responsibility | 5 |
| Other Insurance | 5 |

**PART B - MEDICAL PAYMENTS COVERAGE**

| | |
|---|---|
| Insuring Agreement | 5 |
| Exclusions | 6 |
| Limit of Liability | 6 |
| Other Insurance | 7 |

**PART C - UNINSURED MOTORISTS COVERAGE**

| | |
|---|---|
| Insuring Agreement | 7 |
| Exclusions | 8 |
| Limit of Liability | 8 |
| Other Insurance | 8 |
| Arbitration | 8 |

**PART D - COVERAGE FOR DAMAGE TO YOUR AUTO**

| | |
|---|---|
| Insuring Agreement | 9 |
| Transportation Expenses | 10 |
| Exclusions | 10 |
| Limit of Liability | 12 |
| Payment of Loss | 12 |
| No Benefit to Bailee | 13 |
| Other Sources of Recovery | 13 |
| Appraisal | 13 |

**PART E - DUTIES AFTER AN ACCIDENT OR LOSS**

| | |
|---|---|
| General Duties | 13 |
| Additional Duties for Uninsured Motorists Coverage | 13 |
| Additional Duties for Coverage for Damage to Your Auto | 14 |

**PART F - GENERAL PROVISIONS**

| | |
|---|---|
| Bankruptcy | 14 |
| Changes | 14 |
| Fraud | 14 |
| Legal Action Against Us | 15 |
| Our Right To Recover Payment | 15 |
| Policy Period And Territory | 15 |
| Termination | 15 |
| Transfer Of Your Interest In This Policy | 16 |
| Two Or More Auto Policies | 17 |
| *MUTUAL POLICY CONDITIONS | 17 |

*These conditions apply only if Liberty Mutual Fire Insurance Company is shown in the Declarations as the insurer.

Feb 07 2020 14:41:24 EST                    MSG# 1923206257-000-1        Page 006 Of 052



## AUTO POLICY

### AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

### DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations; and

    **2.** The spouse if a resident of the same household.

    **3.** The partner in a civil union, registered domestic partnership or other similar union, with the "named insured" shown on the Declarations, if a resident of the same household.

    The above, only applies if the civil union, registered domestic partnership or other similar union was validly entered into under the laws of any state, municipality, or territory of the United States or any other country.

    If the spouse or partner defined above is no longer a resident in the same household during the policy period or prior to the inception of the policy, the spouse or partner will be considered "you" and "your" under this policy until the earlier of:

        **a.** The end of 90 days following the change of residency;

        **b.** The effective date of another policy listing the spouse or partner defined above as a named insured; or

        **c.** The end of the policy period.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

    **1.** Under a written agreement to that person; and

    **2.** For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks or boldfaced when used.

**D.** "Bodily injury" means bodily harm, sickness or disease, including death that results.

**E.** "Business" includes trade, profession or occupation.

**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

**G.** "Newly acquired auto":

    **1.** "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

        **a.** A private passenger auto; or

        **b.** A pickup or van, for which no other insurance policy provides coverage, that:

            (1) Has a Gross Vehicle Weight of less than 10,000 lbs.; and

            (2) Is not used for the delivery or transportation of goods and materials unless such use is:

                (a) Incidental to your business of installing, maintaining or repairing furnishings or equipment; or

                (b) For farming or ranching.

    For this definition to apply to a newly acquired auto, which is in addition to the vehicles listed in the Declarations, we must insure all other vehicles owned by you.

    **2.** Coverage for a newly acquired auto is provided as described below. If you ask us to insure a newly acquired auto after a specified time period described below has elapsed, any coverage we provide for a newly acquired auto will begin at the time you request the coverage.

        **a.** For any coverage provided in this policy except Coverage For Damage To Your Auto, a newly acquired auto will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner.

RECEIVED: 2020-02-07 14:41:36 (GMT -05:00)

Feb 07 2020 14:42:02 EST          MSG# 1923206257-000-1          Page 007 Of 052



However, for this coverage to apply to a newly acquired auto that is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 30 days after you become the owner.

If a newly acquired auto replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

b. Collision Coverage for a newly acquired auto begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

   (1) 30 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the newly acquired auto will have the broadest coverage we now provide for any auto shown in the Declarations.

   (2) Five days after you become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If you comply with the 5 day requirement and a loss occurred before you asked us to insure the newly acquired auto, a Collision deductible of $500 will apply.

c. Other Than Collision Coverage for a newly acquired auto begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

   (1) 30 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the newly acquired auto will have the broadest coverage we now provide for any auto shown in the Declarations.

   (2) Five days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 5 day requirement and a loss occurred before you asked us to insure the newly acquired auto, an Other Than Collision deductible of $500 will apply.

H. "Noneconomic loss" means pain and suffering and other nonmonetary detriment.

I. "Occupying" means in, upon, getting in, on, out or off.

J. "Personal vehicle sharing program" means a legal entity qualified to do "business" in this state and engaged in the "business" of facilitating the sharing of private passenger motor vehicles for noncommercial use by individuals within this state. Private passenger motor vehicle as it relates to "personal vehicle sharing program" means a four wheel passenger or station wagon type motor vehicle insured under an automobile liability insurance policy covering any individuals residing in your household.

K. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

L. "Serious injury" means an injury resulting in death, serious impairment of body function or permanent serious disfigurement.

M. "Trailer" means a vehicle designed to be pulled by a:

   **1.** Private passenger auto; or

   **2.** Pickup or van.

   It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

N. "Transportation network platform" means an online-enabled application or digital network used to connect passengers with drivers using vehicles for the purpose of providing prearranged transportation services for compensation.

O. "Your covered auto" means:

   **1.** Any vehicle shown in the Declarations.

   **2.** A "newly acquired auto".

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

   **3.** Any "trailer" you own.

RECEIVED: 2020-02-07 14:42:14 (GMT -05:00)



4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

    a. breakdown;           d. loss; or
    b. repair;              e. destruction.
    c. servicing;

    This provision (J.4.) does not apply to Coverage for Damage to Your Auto.

## PART A - LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Part means:

    1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."
    2. Any person using "your covered auto" with your express or implied permission. The actual use must be within the scope of that permission.
    3. For "your covered auto," any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
    4. For any auto or "trailer," other than "your covered auto," any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer."

    However, for the purposes of this coverage, "insured" does not mean any person who is using "your covered auto" under a "personal vehicle sharing program."

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an "insured:"

    1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.
    2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
    3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.
    4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
    5. Other reasonable expenses incurred at our request.
    6. Prejudgment interest awarded against the "insured" on the part of the judgment we pay. Any prejudgment interest awarded against the insured is subject to the applicable Pennsylvania Rules of Civil Procedure.

### EXCLUSIONS

A. We do not provide Liability Coverage for any person:

    1. Who intentionally causes "bodily injury" or "property damage."
    2. For "property damage" to property owned or being transported by that person.
    3. For "property damage" to property:
        a. rented to;
        b. used by; or
        c. in the care of;
        that person.
        This exclusion (A.3.) does not apply to "property damage" to a residence or private garage.

Page 3 of 17

Feb 07 2020 14:43:21 EST                MSG# 1923286257-000-1          Page 009 Of 052



4. For "bodily injury" to an employee of that person during the course of employment. This exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle. This exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the "business" of:

   a. selling;         d. storing; or

   b. repairing;        e. parking;

   c. servicing;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

   a. you;

   b. any "family member," or

   c. any partner, agent or employee of you or any "family member."

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup or van that you own; or

   c. "trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

9. For "bodily injury" or "property damage" for which that person:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. American Nuclear Insurers;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

10. For "bodily injury" or "property damage" that results, or may reasonably be expected to result, from the intentional or criminal acts or omissions of an insured.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any motorized vehicle having fewer than four wheels.

2. Any vehicle, other than "your covered auto," which is:

   a. owned by you; or

   b. furnished or available for your regular use.

3. Any vehicle, other than "your covered auto," which is:

   a. owned by any "family member;" or

   b. furnished or available for the regular use of any "family member."

However, this exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:

   a. owned by a "family member;" or

   b. furnished or available for the regular use of a "family member."

4. Any vehicle, while being used for:

   a. competing in; or

   b. practicing or preparing for any organized racing, speed, demolition, stunt or performance contest or related activity whether or not for pay.

RECEIVED: 2020-02-07 14:43:33 (GMT -05:00)

Feb 07 2020 14:43:56 EST                    MSG# 1923206257-000-1                    Page 010 Of 052



## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds;"
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (B.) will not change our total limit of liability.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance. However, any insurance we provide for a temporary substitute vehicle provided by a motor vehicle dealer when "your covered auto" is being transported, serviced, repaired or inspected by the motor vehicle dealer, shall be primary.

## PART B - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay "usual and customary charges" incurred for necessary medical and funeral services because of "bodily injury:"

1. Caused by accident; and
2. Sustained by an "insured."

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. "Insured" as used in this Part means:

1. You or any "family member."
   a. while "occupying;" or
   b. as a pedestrian when struck by;
   a motor vehicle designed for use mainly on public roads or a trailer of any type.
2. Any other person while "occupying" "your covered auto" with your express or implied permission. The actual occupation must be within the scope of that permission.
3. Any other person while "occupying," as a guest, an automobile not owned by you or a family member, while being operated by you or a family member.

However, for the purposes of this coverage, "insured" does not mean any person who is "occupying" or using "your covered auto" under a "personal vehicle sharing program."

C. "Usual and customary charges" as used in this Part means:

Feb 07 2020 14:44:34 EST    MSG# 1923206257-000-1    Page 011 Of 052



The lowest of the following:

1. The charge billed by the medical provider for covered treatment;
2. The eightieth percentile charge for that covered treatment in the geozip area where the provider is located, as determined through the use of a FAIRHealth or similar database;
3. The amount authorized by a state mandated fee schedule or by another law or regulation; or
4. The amount authorized by a written PPN or PPO agreement to which the Medical Provider is a party.

The "insured" shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any person for "bodily injury:"

1. Sustained while "occupying" any motorized vehicle having fewer than four wheels.
2. Sustained while "occupying" "your covered auto" when it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle. This exclusion (2.) does not apply to a share-the-expense car pool.
3. Sustained while "occupying" any vehicle located for use as a residence or premises.
4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury."
5. Sustained while "occupying," or when struck by, any vehicle (other than "your covered auto") which is:
   a. owned by you; or
   b. furnished or available for your regular use.
6. Sustained while "occupying," or when struck by, any vehicle (other than "your covered auto") which is:
   a. owned by any "family member;" or
   b. furnished or available for the regular use of any "family member."
   However, this exclusion (6.) does not apply to you.
7. Sustained while "occupying" a vehicle without a reasonable belief that that person is entitled to do so.
8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured." This exclusion (8.) does not apply to "bodily injury" sustained while "occupying" a:
   a. private passenger auto;
   b. pickup or van that you own; or
   c. "trailer" used with a vehicle described in a. or b. above.
9. Caused by or as a consequence of:
   a. discharge of a nuclear weapon (even if accidental);
   b. war (declared or undeclared);
   c. civil war;
   d. insurrection; or
   e. rebellion or revolution.
10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    a. nuclear reaction;
    b. radiation; or
    c. radioactive contamination.
11. Sustained while occupying any vehicle while being used for:
    a. competing in; or
    b. practicing or preparing for any organized racing, speed, demolition, stunt or performance contest or related activity whether or not for pay.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

Page 6 of 17

Feb 07 2020 14:45:10 EST                    MSG# 1923206257-000-1        Page 012 Of 052



1. "Insureds;"
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A or Part C.

C. No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under Part A or Part C.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

## PART C - UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"

1. Sustained by an "insured;" and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:

1. You or any "family member."
2. Any other person "occupying" "your covered auto."
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.
2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.
3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. you or any "family member;"
   b. a vehicle which you or any "family member" are "occupying;" or
   c. "your covered auto."
4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company,
   a. denies coverage; or
   b. is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "family member."
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not on public roads.

RECEIVED: 2020-02-07 14:45:22 (GMT -05:00)



6.  While located for use as a residence or premises.

## EXCLUSIONS

A.  We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:

1.  While "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2.  If that person or the legal representative settles the "bodily injury" claim without our consent.

3.  While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This exclusion (A.3.) does not apply to a share-the-expense car pool.

4.  Using a vehicle without a reasonable belief that that person is entitled to do so.

B.  This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1.  Workers' compensation law; or

2.  Disability benefits law.

C.  We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

A.  The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1.  "Insureds;"

2.  Claims made;

3.  Vehicles or premiums shown in the Declarations; or

4.  Vehicles involved in the accident.

B.  Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1.  Paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

2.  Paid or payable because of the "bodily injury" under any of the following or similar law:

    a.  workers' compensation law; or

    b.  disability benefits law.

C.  Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

## OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

A.  If we and an "insured" do not agree:

1.  Whether that person is legally entitled to recover damages under this Part; or

2.  As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B.  Each party will:

1.  Pay the expenses it incurs; and



2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto," including their equipment, subject to **Customized Equipment Coverage**, minus any applicable deductible shown in the Declarations. If loss to more than one of "your covered auto" or "non-owned auto" results from the same collision, only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a "non-owned auto," we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision:"

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief;

8. Riot or Civil Commotion;

9. Contact with bird or animal; or

10. Breakage of glass

If breakage of glass is caused by a "collision," you may elect to have it considered a loss caused by "collision."

C. "Non-owned auto" means:

1. Any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member;" or

2. Any auto or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:

   a. breakdown;       d. loss; or

   b. repair;         e. destruction.

   c. servicing;



## CUSTOMIZED EQUIPMENT COVERAGE

A. We will pay up to $500 for theft or damage to "customized equipment" if the loss is caused by:

   1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

   2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto. Payments shall be reduced by the applicable deductible. However, only one deductible will be applied for any one loss. If you or the owner of a "non-owned auto" keeps salvaged material, payments will also be reduced by the salvage value. In no way shall this coverage increase the limit of liability for "your covered auto" or any "non-owned auto".

B. "Customized equipment" means any parts, equipment and accessories including devices, extensions, furnishings, fixtures, finishings, and other alterations that:

   1. are permanently installed or attached by bolts or brackets;

   2. are removable from a housing unit that is permanently installed inside the auto;

   3. are permanently bonded to the vehicle by an adhesive or welding procedure; or

   4. change the appearance or performance of the vehicle

including but not limited to any additions or alterations to the chassis, engine, exterior or interior of the auto.

This includes but is not limited to ground effects, specialty rims, performance tires, specialty paint or dye, roll bars, running boards, spoilers, special interior or exterior lighting, roof/trunk racks, and high performance engine components. However, such parts, equipment and accessories that were installed by the automobile manufacturer or licensed auto dealer are not considered "customized equipment".

This also includes any electronic equipment that is not necessary for the normal operation of the auto or the monitoring of the auto's operating system that is used solely for the reproduction of recorded material or used for transmitting or receiving audio, visual or data signals. However, such parts, equipment and accessories that were installed by the automobile manufacturer or licensed auto dealer or in a location the automobile manufacturer intended for such equipment, are not considered "customized equipment".

C. If you have purchased additional coverage for "customized equipment" we will pay up to the amount of coverage you have purchased in addition to the $500 limit provided by the policy. This additional coverage must be shown in the Declarations.

D. The most we will pay for parts, equipment and accessories that are:

   1. not installed by the auto manufacturer or dealer; and

   2. permanently installed in or upon the auto

is the actual cash value of the vehicle not including such parts, equipment and accessories.

However under no circumstances will we pay more than the limits identified in the declaration.

## TRANSPORTATION EXPENSES

We will pay up to $30 per day to a maximum of 30 days for any temporary transportation expenses incurred by you. This applies only in the event of the theft of "your covered auto" or "non-owned auto". We will pay only transportation expenses incurred during the period:

   1. Beginning 48 hours after the theft; and

   2. Ending when "your covered auto" is returned to use or we pay for its loss.

## EXCLUSIONS

We will not pay for:

   1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle. This exclusion (1.) does not apply to a share-the-expense car pool.

   2. Damage due and confined to:

     a. wear and tear;

Feb 07 2020 14:47:35 EST                    MSG# 1923286257-000-1          Page: 016 Of 052



    b.  freezing;

    c.  mechanical or electrical breakdown or failure; or

    d.  road damage to tires.

This exclusion (2.) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto."

3.  Loss due to or as a consequence of:

    a.  radioactive contamination;

    b.  discharge of any nuclear weapon (even if accidental);

    c.  war (declared or undeclared);

    d.  civil war;

    e.  insurrection; or

    f.  rebellion or revolution.

4.  We will not pay for loss to equipment that is not permanently installed in or upon "your covered auto" or any "non-owned auto". This consists of any equipment that either is designed for the reproduction of sound or receives or transmits audio, visual or data signals. This includes but is not limited to:

        radios and stereos; tape decks; compact disc players and burners; digital video disc (DVD) players and burners; citizens band radios; scanning monitor receivers; television monitor receivers; global positioning system (GPS) receivers and/or components; video cassette players and recorders; audio cassette recorders; or personal computers, which includes laptops, desktops, and personal digital assistants (PDA) or any other handheld device.

All accessories used with the above or similar equipment are also excluded.

5.  Loss to "your covered auto" or any "non-owned auto" due to destruction or confiscation by governmental or civil authorities because you or any "family member:"

    a.  engaged in illegal activities; or

    b.  failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (5.) does not apply to the interests of Loss Payees in "your covered auto."

6.  Loss to a camper body or "trailer" you own which is not shown in the Declarations. This exclusion (6.) does not apply to a camper body or "trailer" you:

    a.  acquire during the policy period; and

    b.  ask us to insure within 30 days after you become the owner.

7.  Loss to any "non-owned auto" when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

8.  Loss to:

    a.  awnings or cabanas; or

    b.  equipment designed to create additional living facilities.

9.  Loss to equipment designed or used for the detection or location of radar.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

    a.  special carpeting and insulation, furniture or bars;

    b.  facilities for cooking and sleeping;

    c.  height-extending roofs; or

    d.  custom murals, paintings or other decals or graphics.

11. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:

RECEIVED: 2020-02-07 14:47:47 (GMT -05:00)

Feb 07 2020 14:48:00 EST                    MSG# 1923206257-000-1        Page 017 Of 052



    a. selling;        d. storing; or

    b. repairing;     e. parking;

    c. servicing;

vehicles designed for use on public highways. This includes road testing and delivery.

12. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in any "business" not described in exclusion 11. This exclusion (12.) does not apply to the maintenance or use by you or any "family member" of a "non-owned auto" which is a private passenger auto or "trailer."

13. We will not pay for loss to "customized equipment" in excess of what is provided under Customized Equipment Coverage unless additional coverage has been purchased by endorsement and is shown in the Declarations.

14. We will not pay for loss to tapes, records, discs or other media used with any sound reproducing or other electronic equipment.

15. Loss to "your covered auto" or any "non-owned auto" while the car is being used for:

    a. competing in; or

    b. practicing or preparing for

any organized racing, speed, demolition, stunt or performance contest or related activity whether or not for pay.

16. Loss to "your covered auto" or "non-owned auto" while being used in a "personal vehicle sharing program."

## LIMIT OF LIABILITY

A. At our option, our limit of liability for loss will be the lowest of:

    1. The actual cash value of the stolen or damaged property;

    2. a. The amount necessary to repair or replace the property;

       b. Determination of the cost of repair or replacement will be based upon one of the following:

         (1) the cost of repair or replacement agreed upon by you and us;

         (2) a competitive bid approved by us; or

         (3) an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

    3. The limit of liability shown in the Declarations.

However, the most we will pay for loss to any "non-owned auto" which is a "trailer" is $500.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss. In this case, the actual cash value consists of the value of the vehicle not including any "customized equipment."

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

    1. You; or

    2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

RECEIVED: 2020-02-07 14:48:20 (GMT -05:00)

Feb 07 2020 14:48:42 EST    MSG# 1923286257-000-1    Page: 010 Of 052



## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery except for a motor vehicle provided by a motor vehicle dealer when an "insured" has custody of or is operating that motor vehicle, while the "insured's" motor vehicle is being transported, serviced, repaired or inspected by a motor vehicle dealer. This exception only applies to the loan of a motor vehicle by a motor vehicle dealer that occurs without financial remuneration in the form of a fee, rental or lease charge paid directly by the "insured" operating the motor vehicle.

Other Sources of Recovery include but are not limited to:

1.  Any coverage provided by the owner of the "non-owned auto;"
2.  Any other applicable physical damage insurance;
3.  Any other source of recovery applicable to the loss.

## APPRAISAL

A.  If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1.  Pay its chosen appraiser; and
2.  Bear the expenses of the appraisal and umpire equally.

B.  We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E - DUTIES AFTER AN ACCIDENT OR LOSS

If an accident or loss occurs, the following must be done for the terms of the policy to apply:

A.  We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B.  A person seeking any coverage must:

1.  Cooperate with us in the investigation, settlement or defense of any claim or suit. This includes, but is not limited to, allowing us to inspect damage to a vehicle covered by this policy.
2.  Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3.  Submit, as often as we reasonably require, within 30 days of our request:
    a.  to examinations by physicians we select under terms we require. We will pay for these exams.
    b.  to interviews and recorded statements without the need for us to conduct an examination under oath.
    c.  to examination under oath and subscribe the same.
4.  Authorize us to obtain, within 30 days of our request:
    a.  medical reports; and
    b.  other pertinent records, including but not limited to, information contained in or transmitted by any device located in or on the motor vehicle.
5.  Submit a proof of loss when required by us within 30 days of our request.

C.  A person seeking Uninsured Motorists Coverage must also:

1.  Promptly notify the police if a hit-and-run driver is involved.

RECEIVED: 2020-02-07 14:48:54 (GMT -05:00)

Feb 07 2020 14:49:20 EST                MSG# 1923206257-000-1        Page 019 Of 052



2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F - GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy

### CHANGES

A. This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles;

2. Operators using insured vehicles, including newly licensed "family member" drivers and any household members that have licenses;

3. The location where your vehicle is principally garaged;

4. Customized equipment or parts.

5. The persons who regularly operate a covered auto.

You also agree to disclose all licensed drivers residing in your household.

If a change resulting from A. or B. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (C.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

### FRAUD

This policy was issued in reliance upon the information provided on your application. Any changes we make at your request to this policy after inception will be made in reliance upon information you provide. We may void this policy if you or an "insured" have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made, at the time changes were requested, or any time during the policy period

We may void this policy or deny coverage for an accident or loss if you or an "insured" have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

RECEIVED: 2020-02-07 14:49:32 (GMT -05:00)



We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

## LEGAL ACTION AGAINST US

A.  No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1.  We agree in writing that the "insured" has an obligation to pay; or

2.  The amount of that obligation has been finally determined by judgment after trial.

B.  No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured."

## OUR RIGHT TO RECOVER PAYMENT

A.  If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1.  Whatever is necessary to enable us to exercise our rights; and

2.  Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

B.  If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1.  Hold in trust for us the proceeds of the recovery; and

2.  Reimburse us to the extent of our payment less reasonable attorney's fees, costs and expenses incurred by that person in our collecting our share of the recovery.

## POLICY PERIOD AND TERRITORY

A.  This policy applies only to accidents and losses which occur:

1.  During the policy period as shown in the Declarations; and

2.  Within the policy territory.

B.  The policy territory is:

1.  The United States of America, its territories or possessions;

2.  Puerto Rico; or

3.  Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

## TERMINATION

A.  **Cancellation.** This policy may be cancelled during the policy period as follows:

1.  The named insured shown in the Declarations may cancel by:

a.  returning this policy to us; or

b.  giving us advance written notice of the date cancellation is to take effect.

2.  We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a.  at least 15 days notice of cancellation:

(1) if notice is effective within the first 60 days this policy is in effect and this is not a renewal or continuation policy;

Feb 07 2020 14:50:33 EST                    MSG# 1923206257-000-1        Page 021 Of 052



  (2) for nonpayment of premium;

  (3) If the driver's license of the named insured shown in the Declarations has been suspended or revoked after the effective date if this policy has been in effect less than one year; or if the policy has been in effect longer than one year, since the last anniversary of the original effective date; or

 b. at least 60 days notice if the policy was obtained through material misrepresentation.

Our right to cancel this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.

**B.**  **Nonrenewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy:

 1. At least 15 days notice before the end of the policy period:

  a. For nonpayment of premium; or

  b. If the driver's license of the named insured shown in the Declarations has been suspended or revoked after the effective date if this policy has been in effect less than one year; or if the policy has been in effect longer than one year, since the last anniversary of the original effective date.

 2. At least 60 days notice before the end of the policy period in all other cases.

However, our right to non-renew the policy is subject to the limitations contained in the applicable Pennsylvania Statutes.

**C.**  **Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**D.**  **Other Termination Provisions.**

 1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

 2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

 3. The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.**  Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations becomes deceased, coverage will be provided for:

 1. The surviving spouse or partner in a civil union, registered domestic partnership or other similar union, if a resident of the same household at the time of death. Coverage applies to the spouse or partner as set forth herein, as if a named insured shown in the Declarations; and

 2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with regard to the representative's legal responsibility to maintain or use "your covered auto."

Section 1. only applies if the civil union, registered domestic partnership or other similar union is validly entered into under the laws of any state, municipality, or territory of the United States or any other country.

**B.**  Coverage will only be provided until the end of the policy period.

## CONSTITUTIONALITY CLAUSE

The premium for, and the coverages of, this policy have been established in reliance upon the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law. In the event a court, from which there is no appeal, declares or enters a judgment the affect of which is to render the provisions of such statute invalid or unenforceable in whole or part, we will have the right to recomputed the premium payable for the policy and void or amend the provisions of the policy, subject to the approval of the Insurance Commissioner.

RECEIVED: 2020-02-07 14:50:45 (GMT -05:00)

Feb 07 2020 14:51:14 EST                    MSG# 1923286257-888-1        Page 822 Of 852



## DUTY TO REPORT CHANGES

You must promptly report to us all changes, including additions and deletions, in policy information. Further, you must report to us certain changes no later than 30 days after the change occurs. These are changes to:

1. your residence address;
2. operators using insured vehicles, including newly licensed "family member" drivers and any household members that have licenses;
3. the location where your vehicle is principally garaged;
4. the persons who regularly operate a covered auto;
5. the driver's license or operator's permit status of you, a relative, or a resident of your household.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

## *MUTUAL POLICY CONDITIONS

You are a member of the Liberty Mutual Fire Insurance Company while this policy is in force. Membership entitles you to vote in person or by proxy at meetings of the company. The Annual Meeting is in Boston, Massachusetts, on the second Wednesday in April each year at 11 o'clock in the morning.

Also, as a member, you will receive any dividends declared on this policy by the Directors.

This policy is classified in Dividend Class IV-Automobile.

This policy has been signed by our President and Secretary at Boston, Massachusetts, and countersigned on the Declarations Page by an authorized representative.

*These conditions apply only if Liberty Mutual Fire Insurance Company is shown in the Declarations as the Insurer.

**PRESIDENT**                                                **SECRETARY**

Includes Copyrighted material of Insurance Services Office, Inc.,
with its permission
Copyright, Insurance Services Office, Inc., 1988

RECEIVED: 2020-02-07 14:51:26 (GMT -05:00)

Feb 07 2020 14:51:42 EST                MSG# 1923206257-000-1     Page 023 Of 052

Feb 07 2020 14:51:47 EST                    MSG# 1923206257-000-1          Page 024 Of 052



THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## UNINSURED MOTORISTS COVERAGE - PENNSYLVANIA (NON-STACKED)          AS 3688 06 16

Part **C** - Uninsured Motorists Coverage is replaced in its entirety by the following:

### SCHEDULE

| UNINSURED MOTORISTS COVERAGE | | |
|---|---|---|
| Description of Vehicle | Limit of Liability | Premium |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| | $ _____ | $ _____ |

### INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

No judgment for damages arising out of a suit brought against the owner or operator of an "uninsured motor vehicle" is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and
2. Had a reasonable opportunity to protect our interests in the suit.

B. "Insured" as used in this endorsement means:

1. You or any "family member".
2. Any other person "occupying":
   a. "Your covered auto" with your express or implied permission. The actual occupation must be within the scope of that permission; or
   b. Any other auto operated by you.
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

However, for the purposes of this coverage, "insured" does not mean any person who is occupying or using "your covered auto" under a "personal vehicle sharing program."

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.
2. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:
   a. You or any "family member";
   b. A vehicle which you or any "family member" are "occupying"; or
   c. "Your covered auto".

   If there is no contact with the hit-and-run vehicle, the facts of the accident must be proved.
3. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes:
      (1) Insolvent; or
      (2) Involved in insolvency proceedings.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished for the regular use of you or any "family member".
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3. Operated on rails or crawler treads.
4. Designed mainly for use off public roads while not on public roads.
5. While located for use as a residence or premises.



Page 1 of 3



AS 3688 06 16

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:

1. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any motor vehicle owned by you or a "family member", which is not insured for Uninsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Uninsured Motorist Coverage under this policy. This includes a trailer of any type used with that vehicle.

B. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:

1. If that person or the legal representative settles the bodily injury claim without our consent. However, this exclusion (B.1.) does not apply if such settlement does not adversely affect our rights.

2. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle. This exclusion (B.2) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that person is entitled to do so.

C. We do not provide Uninsured Motorists Coverage for "non-economic loss" sustained by any person to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "uninsured motor vehicle", unless the "bodily injury" sustained is a "serious injury".

This exclusion (C.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any disability benefits or similar law, except a workers' compensation law.

E. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

F. We do not provide Uninsured Motorists Coverage for any person for "bodily injury" or "property damage" that results, or may reasonably be expected to result, from the intentional or criminal acts or omissions of an insured.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Schedule or in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Schedule or in the Declarations; or

4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part A or Part B of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes all payments made to an "insured's" attorney either directly or as part of the payment made to the "insured".

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

## OTHER INSURANCE

If there is other applicable similar insurance available under more than one policy or provision of coverage:



AS 3688 06 16

The following priorities of recovery apply:

**First** The Uninsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the accident.

**Second** The policy affording Uninsured Motorists Coverage to the "insured" as a named insured or family member.

1. When there is applicable insurance available under the First priority:

   a. The limit of liability applicable to the vehicle the "insured" was "occupying", under the policy in the First priority, shall first be exhausted; and

   b. The maximum recovery under all policies in the Second priority may equal but not exceed the highest applicable limit of liability for Uninsured Motorist Coverage for any one vehicle under any one policy providing coverage to you or any "family member".

2. When there is no applicable insurance available under the First priority, the maximum recovery under all policies in the Second priority shall not exceed the highest applicable limit for any one vehicle under any one policy.

If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

**LAWSUITS AGAINST US**

You must comply with the terms of the policy before you may sue us. Suit must be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1994

Feb 07 2020 14:53:34 EST                    MSG# 1923206257-000-1           Page 027 Of 052



THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## UNDERINSURED MOTORISTS COVERAGE - PENNSYLVANIA (NON-STACKED)        AS 3690 06 16

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### SCHEDULE

| UNDERINSURED MOTORISTS COVERAGE | | |
|---|---|---|
| Description of Vehicle | Limit of Liability | Premium |
| ............... | $............... | $............... |
| ............... | $............... | $............... |
| ............... | $............... | $............... |

## INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

We will pay under this coverage only if 1. or 2. below applies:

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
   a. Have been given prompt written notice of such tentative settlement; and
   b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and
2. Had a reasonable opportunity to protect our interests in the suit.

B. "Insured" as used in this endorsement means:

1. You or any "family member".
2. Any other person "occupying":
   a. "Your covered auto" with your express or implied permission. The actual occupation must be within the scope of that permission; or
   b. Any other auto operated by you.
3. Any other person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

However, for the purposes of this coverage, "insured" does not mean any person who is occupying or using "your covered auto" under a "personal vehicle sharing program."

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

1. For which liability coverage is provided under Part A of this policy.
2. Operated on rails or crawler treads.
3. Designed mainly for use off public roads while not on public roads.
4. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

1. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any motor vehicle



AS 3690 06 16

owned by you or a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.

B. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any person:

1. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle. This exclusion (B.1.) does not apply to a share-the-expense car pool.

2. Using a vehicle without a reasonable belief that that person is entitled to do so.

C. We do not provide Underinsured Motorists Coverage for "noneconomic loss" sustained by any person to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "underinsured motor vehicle", unless the "bodily injury" sustained is a "serious injury".

This exclusion (C.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any disability benefits or similar law, except a workers' compensation law.

E. We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

F. We do not provide Underinsured Motorists Coverage for any person for "bodily injury" or "property damage" that results, or may reasonably be expected to result, from the intentional or criminal acts or omissions of an insured.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Schedule or in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Schedule or in the Declarations; or

4. Vehicles involved in the accident.

B. The damages payable under this coverage shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid for an "insured's" attorney either directly or as part of the amount paid to the "insured". It also includes all sums paid under Part A of this policy.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A, Part B or Part C of this policy.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

**OTHER INSURANCE**

If there is other applicable similar insurance available under more than one policy or provision of coverage:

The following priorities of recovery apply:

First    The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the accident.

Second    The policy affording Underinsured Motorists Coverage to the "insured" as a named insured or family member.

1. When there is applicable insurance available under the First priority:

a. The limit of liability applicable to the vehicle the "insured" was "occupying", under the policy in the First priority, shall first be exhausted; and

Page 2 of 3

Feb 07 2020 14:55:01 EST                    MSG# 1923206257-000-1            Page 029 Of 052



AS 3690 06 16

b. The maximum recovery under all policies in the Second priority may equal but not exceed the highest applicable limit of liability for Underinsured Motorists Coverage for any one vehicle under any one policy providing coverage to you or any "family member".

2. When there is no applicable insurance available under the First priority, the maximum recovery under all policies in the Second priority shall not exceed the highest applicable limit for any one vehicle under any one policy.

If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

## LAWSUITS AGAINST US

You must comply with the terms of the policy before you may sue us. Suit must be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident.

## ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

## PART F - GENERAL PROVISIONS

The following is added to the Our Right To Recover Payment provision of Part F:

## OUR RIGHT TO RECOVER PAYMENT

Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and
2. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and
2. We also have a right to recover the advanced payment.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1994

RECEIVED: 2020-02-07 14:55:13 (GMT -05:00)

Feb 07 2020 14:55:35 EST                    MSG# 1923206257-000-1        Page 038 Of 052

POLICY NUMBER:



## FIRST PARTY BENEFITS COVERAGE - PENNSYLVANIA

PERSONAL AUTO
PP 05 51 11 92

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### SCHEDULE

| BASIC FIRST PARTY BENEFIT | |
|---|---|
| Benefit | Limit Of Liability |
| Medical Expenses | $5,000 |

If indicated below or in the Declarations, the following options apply instead of the Basic First Party Benefit:

☐ **Added First Party Benefits**

| Benefits | Limit Of Liability |
|---|---|
| Medical Expenses | $_____ |
| Work Loss | $_____ subject to a maximum of $ _____ per month |
| Funeral Expenses | $_____ |
| Accidental Death | $_____ |

☐ **Combination First Party Benefits**

| Benefits | Limit Of Liability |
|---|---|
| Medical Expenses | No specific dollar amount |
| Work Loss | No specific dollar amount |
| Funeral Expenses | $2,500 |
| Accidental Death | $_____ |
| Maximum Limit of Liability for the Total of All Combination First Party Benefits | $_____ |

Note: If Added First Party Benefits or Combination First Party Benefits are not shown as applicable in the Schedule or Declarations, only the Basic First Party Benefit applies.

## I. DEFINITIONS

The Definitions section is amended as follows:

A. "The Act" refers to the Pennsylvania Motor Vehicle Financial Responsibility Law.

B. The following definitions are replaced:

   1. "Bodily injury" means accidental bodily harm to a person and that person's resulting illness, disease or death.

   2. "Your covered auto" means a "motor vehicle":

      a. To which Part A of this policy applies and for which a specific premium is charged; and

      b. For which First Party Benefits Coverage required by the Act is maintained.

C. The following definition is added:

   "Motor vehicle" means a self-propelled vehicle operated or designed for use upon public roads. However, "motor vehicle" does not include a vehicle operated:

   1. By muscular power; or

   2. On rails or tracks.

D. "Insured" as used in this endorsement means:

   1. You or any "family member".

   2. Any other person while:

      a. "Occupying" "your covered auto"; or

      b. Not "occupying" a "motor vehicle" if injured as a result of an accident in Pennsylvania involving "your covered auto".



If "your covered auto" is parked and unoccupied it is not a "motor vehicle" involved in an accident unless it is parked in a manner which creates an unreasonable risk of injury

## II. FIRST PARTY BENEFITS COVERAGE

### INSURING AGREEMENT

### A. BASIC FIRST PARTY BENEFIT

We will pay, in accordance with the Act, the Basic First Party Benefit to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the maintenance or use of a "motor vehicle".

Subject to the limit shown in the Schedule or Declarations, the Basic First Party Benefit consists of:

Medical expenses. Reasonable and necessary medical expenses incurred for an "insured's":

1. Care;

2. Recovery; or

3. Rehabilitation.

This includes remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid if incurred within 18 months from the date of the accident causing "bodily injury". However, if within 18 months from the date of the accident, it can be determined with reasonable medical probability that additional expenses may be incurred after this period, the 18 month time limit will not apply to the payment of the additional medical expenses.

### B. ADDED FIRST PARTY BENEFITS

If the Schedule or Declarations indicates that Added First Party Benefits apply, we will pay Added First Party Benefits instead of the Basic First Party Benefit to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the maintenance or use of a "motor vehicle". These benefits are subject to the provisions of the Act.

Subject to the limits shown in the Schedule or Declarations, Added First Party Benefits consist of the following:

1. Medical expenses as described in the Basic First Party Benefit.

2. Work loss.

a. Loss of income. Up to 80% of gross income actually lost by an "insured" as a result of the accident.

b. Reasonable expenses actually incurred to reduce loss of income by hiring:

   (1) Special help, thereby enabling an "insured" to work; or

   (2) A substitute to perform the work a self-employed "insured" would have performed.

However, work loss does not include:

a. Loss of expected income or expenses incurred for services performed after the death of an "insured"; or

b. Any loss of income, or expenses incurred for services performed, during the first 5 working days the "insured" did not work due to "bodily injury".

3. Funeral expenses. Funeral or burial expenses actually incurred if "bodily injury" causes an "insured's" death within 24 months from the date of the accident.

4. Accidental death. A death benefit paid if "bodily injury" causes the death of you or any "family member" within 24 months from the date of the accident.

We will pay accidental death to the executor or administrator of the deceased "insured's" estate. If there is no executor or administrator, the benefit shall be paid to:

a. The deceased "insured's" surviving spouse; or

b. If there is no surviving spouse, the deceased "insured's" surviving children; or

c. If there is no surviving spouse or children, to the deceased "insured's" estate.

### C. COMBINATION FIRST PARTY BENEFITS

If the Schedule or Declarations indicates that Combination First Party Benefits apply, we will pay Combination First Party Benefits instead of the Basic First Party Benefit to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the maintenance or use of a "motor vehicle". These benefits are subject to the provisions of the Act.

Copyright, Insurance Services Office, Inc., 1992

PP 05 51 11 92

Feb 07 2020 14:57:28 EST    MSG# 1923286257-808-1    Page 832 Of 852



Subject to the limits shown in the Schedule or Declarations, Combination First Party Benefits consist of the following, as described in the Basic First Party Benefit and Added First Party Benefits:

1. Medical expenses.
2. Work loss.
3. Funeral expenses.
4. Accidental death.

EXCLUSIONS

A. We do not provide First Party Benefits Coverage for "bodily injury" sustained by any person:

1. While intentionally causing or attempting to cause "bodily injury" to himself or any other person. We will not pay accidental death on behalf of that person.

2. While committing a felony.

3. While seeking to elude lawful apprehension or arrest by a law enforcement official.

4. While maintaining or using a "motor vehicle" knowingly converted by that person. This exclusion **(A.4.)** does not apply to:

   **a.** You; or
   **b.** Any "family member".

5. Who, at the time of the accident, is:

   **a.** The owner of one or more registered "motor vehicles", none of which have in effect the financial responsibility required by the Act; or

   **b.** "Occupying" a "motor vehicle" owned by that person for which the financial responsibility required by the Act is not in effect.

6. Maintaining or using a "motor vehicle" while located for use as a residence or premises.

7. While "occupying" a:

   **a.** Recreational vehicle designed for use off public roads; or

   **b.** Motorcycle, moped or similar-type vehicle.

B. We do not provide First Party Benefits Coverage for "bodily injury":

1. Sustained by a pedestrian if the accident occurs outside of Pennsylvania. This exclusion **(B.1.)** does not apply to:

   **a.** You; or

   **b.** Any "family member".

2. Caused by or as a consequence of:

   **a.** Discharge of a nuclear weapon (even if accidental);

   **b.** War (declared or undeclared);

   **c.** Civil war;

   **d.** Insurrection; or

   **e.** Rebellion or revolution.

3. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.** Nuclear reaction;

   **b.** Radiation; or

   **c.** Radioactive contamination.

LIMIT OF LIABILITY

A. The limits of liability shown in the Schedule or Declarations for the first party benefits that apply are the most we will pay to or for each "insured" as the result of any one accident, regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations;

3. Vehicles involved in the accident; or

4. Insurers providing first party benefits.

B. If Combination First Party Benefits are afforded, we will make available at least the minimum limit required by the Act for the Basic First Party Benefit. This provision **(B.)** will not change our maximum limit of liability.

C. Any amounts payable under this coverage shall be excess over any amounts:

1. Paid;

2. Payable; or

3. Required to be provided;

to an "insured" under any workers' compensation law or similar law.

Feb 07 2020 14:58:02 EST                    MSG# 1923286257-000-1      Page 033 Of 052



## PRIORITIES OF POLICIES

A. We will pay first party benefits in accordance with the order of priorities set forth by the Act. We will not pay if there is another insurer at a higher level of priority. The **First** category listed below is the highest level of priority and the **Fourth** category is the lowest level of priority. The priority order is:

| | |
|---|---|
| **First** | The insurer providing benefits to the "insured" as a named insured. |
| **Second** | The insurer providing benefits to the "insured" as a family member who is not a named insured under another policy providing coverage under the Act. |
| **Third** | The insurer of the "motor vehicle" which the "insured" is "occupying" at the time of the accident. |
| **Fourth** | The insurer of any "motor vehicle" involved in the accident if the "insured" is not:<br>a. "Occupying" a "motor vehicle"; and<br>b. Provided first party benefits under any other automobile policy.<br><br>An unoccupied parked "motor vehicle" is not a "motor vehicle" involved in an accident unless it is parked in a manner which creates an unreasonable risk of injury. |

B. If 2 or more policies have equal priority within the highest applicable priority level:

1. The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is then entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If such contribution is sought among insurers under the **Fourth** priority, proration shall be based on the number of involved motor vehicles.

2. If we are the insurer against whom the claim is first made, our payment to or for an "insured" will not exceed the applicable limit of liability for First Party Benefits Coverage shown in the Schedule or Declarations.

3. The maximum recovery under all policies will not exceed the amount payable under the policy with the highest limit of liability.

### NON-DUPLICATION OF BENEFITS

No one will be entitled to recover duplicate payments for the same elements of loss under this or any other similar insurance including self-insurance.

### III. PART F - GENERAL PROVISIONS

Part F is amended as follows:

The Our Right To Recover Payment provision does not apply.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

         Copyright, Insurance Services Office, Inc., 1992                    PP 05 51 11 92

RECEIVED: 2020-02-07 14:58:14 (GMT -05:00)

Feb 07 2020 14:50:33 EST     MSG# 1923206257-000-1     Page 034 Of 052



## LIMITED TORT ALTERNATIVE INFORMATION NOTICE - PENNSYLVANIA

AS 2108 04 99
(PP 03 38 07 90)

Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for noneconomic loss, except that:

A. An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

1. Is convicted, or accepts Accelerated Rehabilitative Deposition for driving under the influence of alcohol or a controlled substance in that accident;

2. Is operating a motor vehicle registered in another state;

3. Intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury if the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person; or

4. Has not maintained financial responsibility as required by the Pennsylvania Motor Vehicle Financial Responsibility Law, provided that nothing in Paragraphs 1. through 4. shall affect the limitation of a person, precluded from maintaining an action for noneconomic damages under the limited tort alternative, to recover noneconomic damages under Uninsured Motorists Coverage or Underinsured Motorists Coverage.

B. An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

C. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1999

Feb 07 2020 14:59:06 EST    MSG# 1923206257-000-1    Page 035 Of 052



**SPLIT UNDERINSURED MOTORISTS LIMITS - PENNSYLVANIA (NON-STACKED)**

PERSONAL AUTO
PP 04 16 07 90

## SCHEDULE

| UNDERINSURED MOTORISTS COVERAGE | $ _____ each person |
| --- | --- |
| | $ _____ each accident |

Paragraph A. of the Limit of Liability provision in the Underinsured Motorists Coverage - Pennsylvania (Non-Stacked) endorsement is replaced by the following:

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Schedule or in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

RECEIVED: 2020-02-07 14:59:18 (GMT -05:00)

Feb 07 2020 14:59:31 EST                    MSG# 1923286257-000-1        Page 036 Of 052



# SPLIT UNINSURED MOTORISTS LIMITS - PENNSYLVANIA (NON-STACKED)

PERSONAL AUTO
PP 04 20 07 90

### SCHEDULE

| UNINSURED MOTORISTS COVERAGE | $ _____ each person |
|---|---|
| | $ _____ each accident |

Paragraph A. of the Limit of Liability provision in the Uninsured Motorists Coverage - Pennsylvania (Non-Stacked) endorsement is replaced by the following:

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Schedule or in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

RECEIVED: 2020-02-07 14:59:43 (GMT -05:00)

Feb 07 2020 14:59:57 EST                    MSG# 1923206257-000-1     Page 037 Of 052



## OPTIONAL TRANSPORTATION EXPENSES COVERAGE                    AS 2207 02 05

The provisions and exclusions that apply to Part D - Coverage for Damage to Your Auto also apply to this endorsement except as changed by this endorsement.

Optional Transportation Expenses Coverage applies only if:

1. The loss is caused by other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto;

2. The loss is caused by **collision** only if the Declarations indicate that Collision Coverage is provided for that auto; and

3. **Your covered auto** or the **non-owned auto** is withdrawn from use for more than 24 hours.  In the event of a total theft, the vehicle must have been reported missing for at least 48 hours.

## OPTIONAL TRANSPORTATION EXPENSES COVERAGE

If:

1. You choose to allow us to make the rental car arrangements with a specific vendor; and

2. You choose to bring the damaged vehicle to a Total Liberty Care (TLC) facility for all repairs.

we will pay, without application of a deductible, temporary transportation expenses incurred by you for renting a substitute auto, as defined by our rental car provider, until the repairs are completed, when there is a loss to **your covered auto** described in the Schedule or in the Declarations for which a specific premium charge indicates that Optional Transportation Expenses Coverage is afforded.

If you require a vehicle which exceeds the optional limit shown on the policy Declarations Page, and we make the arrangements, you will only have to pay the difference between the expense of the vehicle you choose and the optional transportation expenses limit shown in the policy Declarations  Page.

<u>OR</u>

If you choose to make your own substitute vehicle arrangements, or choose a repair facility other than a Total Liberty Care (TLC) facility, or your vehicle is a declared a total loss, the following applies for expenses incurred from companies in the business of renting vehicles.

When there is a loss to **your covered auto** described in the Schedule or in the Declarations for which a specific premium charge indicates that Optional Transportation Expenses Coverage is afforded, we will pay, without application of deductible, the amount shown on the policy Declarations Page to a maximum of 30 days for:

1. Additional transportation expenses incurred by you for renting a substitute auto.

2. Additional transportation expenses incurred by you for renting a substitute auto due to a total loss of **your covered auto.**

3. Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto.**

All coverage provided by this endorsement shall only apply once for any single occurrence.  Our payment will be limited to that period of time reasonably required to repair or replace  your covered auto or the **non-owned auto.**

(Includes copyrighted material of Insurance Services Office, Inc., with its permission)

Feb 07 2020 15:01:10 EST                    MSG# 1923206257-000-1     Page 030 Of 052



## SPLIT LIABILITY LIMITS

PP 03 09 04 86

### SCHEDULE

| | | |
|---|---|---|
| Bodily Injury Liability | $_____ | each person |
| | $_____ | each accident |
| Property Damage Liability | $_____ | each accident |

The first paragraph of the Limit of Liability provision in Part A is replaced by the following:

**LIMIT OF LIABILITY**

The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident. The limit of liability shown in the Schedule or in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds;"

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

Copyright, Insurance Services Office, Inc., 1985

Feb 07 2020 15:01:34 EST                    MSG# 1923206257-000-1        Page 039 Of 052



**NUCLEAR, BIOLOGICAL, CHEMICAL & MOLD EXCLUSION ENDORSEMENT**          AS 2221 04 05

## THIS EXCLUSION APPLIES TO ALL COVERAGES PROVIDED BY THIS POLICY INCLUDING ANY AND ALL ENDORSEMENTS

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Aside from such losses caused by terrorism activities, we **do not** provide coverage for loss, damage, injury, liability, cost or expense, due to or as a consequence of, whether controlled or uncontrolled  or however caused:

- a. Nuclear exposure, reaction or explosion including resulting fire, smoke, radiation  or contamination; and/or
- b. Biological or chemical attack or exposure to biological or chemical agents, or combination  of such agents, including resulting contamination or pollution.

We **do not** provide coverage for loss, damage, injury, liability, cost or expense arising out of  or aggravated by, in whole or in part, "mold, fungus, wet rot, dry rot, bacteria or virus."

"Mold, fungus, wet rot, dry rot, bacteria or virus" means any type or form of fungus, rot, virus  or bacteria.  This includes mold, mildew and any mycotoxins, other microbes, spores, scents  or byproducts produced or released by mold, mildew, fungus, rot, bacteria, or virus.

AS 2221 04 05                          © 2003 Liberty Mutual Insurance Company

## TOWING AND LABOR COVERAGE                    AS 2208 02 05

We will pay for emergency roadside assistance charges incurred each time "your covered auto" or any "non-owned auto" is disabled.  This includes:

1. necessary towing charges when you call Liberty Mutual Roadside Assistance and allow us to  make arrangements for the tow to the nearest repair facility from the place of disablement;

2. towing charges up to the amount shown on the policy Declarations Page when you either

   a) arrange for the tow; or

   b) request a tow to a repair facility other than the nearest repair facility from the place of disablement; or

3. when a tow is not required, labor charges incurred at the place of disablement, not to exceed the amount shown on the policy Declarations Page.

The nearest repair facility is determined by Liberty Mutual.

This coverage must be shown in the Declarations for the specific disabled vehicle which has this coverage.

If a "non-owned auto" is disabled, we will provide the coverage listed above only if you have purchased Towing and Labor Coverage for at least one "your covered auto" and it is shown in the  Declarations.

This endorsement must be attached to the Change Endorsement when issued after the policy is  written.

Feb 07 2020 15:02:09 EST                    MSG# 1923206257-000-1    Page 040 Of 052



THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT

PERSONAL AUTO
PP 13 01 12 99

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### I. Definitions

The following definition is added:

"Diminution in value" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

### II. Part D - Coverage For Damage To Your Auto

The following exclusion is added:

We will not pay for:

Loss to "your covered auto" or any "non-owned auto" due to "diminution in value".

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

PP 13 01 12 99                    Copyright, Insurance Services Office, Inc., 1999                    Page 1 of 1

## LOSS PAYABLE CLAUSE

PP 03 05 08 86

Loss Payee: _____

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations or in this endorsement. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of "your covered auto." However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

PP 03 05 08 86                    Copyright, Insurance Services Office, Inc., 1986

Feb 07 2020 15:02:43 EST     MSG# 1923206257-000-1     Page 042 Of 052



# NOTICE OF PRIVACY POLICY

Liberty Mutual* values you as a customer and takes your personal privacy seriously. When you request a rate quotation, apply for insurance, request changes to your insurance policy or submit a claim, you disclose information about yourself or members of your family. This notice tells you how we treat the information we collect about you.

## 1.  INFORMATION WE MAY COLLECT

We collect information about you from:

- Applications or other forms you complete, and information you provide to us over the telephone;
- Your business dealings with us and other companies;
- Your employer or association for Liberty Mutual Group products;
- Consumer reporting agencies, Motor Vehicle Departments, inspection services and medical providers; and
- Visits to our Liberty Mutual website.

## 2.  TYPES OF INFORMATION WE MAY DISCLOSE

We may disclose the following about you:

- Information from your application or other forms, such as your name, date of birth, address, social security number, vehicle and driver information;
- Information about your transactions with us, our affiliates or others, such as your insurance coverages, payment history, and certain claims information; and
- Information we receive from third parties, such as your motor vehicle records and claims history.

## 3.  TO WHOM INFORMATION MAY BE DISCLOSED

We do not disclose personal information about you to anyone unless allowed by law. We are allowed by law to provide information to:

- A third party that performs services for us, such as claims investigations, medical examinations, inspections, and appraisals or for roadside assistance or the repair of your vehicle if you have a claim;
- Our affiliated companies and reinsurers;
- Insurance regulators and reporting agencies;
- Consumer reporting agencies to obtain loss history information, motor vehicle reports, or credit report information where permitted by law;
- State Motor Vehicle Departments to obtain a report of any accidents or convictions or to confirm your compliance with compulsory motor vehicle liability insurance laws;
- Law enforcement agencies or other government authorities to report suspected illegal activities;
- A person or organization conducting insurance actuarial, or research studies;
- Companies that provide marketing services on our behalf, or as part of a joint marketing agreement with banks, credit unions, and affinity partners, or providers of annuity and financial products and services offered through us to our customers; and
- As otherwise permitted by law.

## 4.  HOW WE PROTECT INFORMATION

We maintain physical, electronic, and procedural safeguards to protect your nonpublic personal information. These safeguards comply with applicable laws. We retain your information for as long as required by law or regulation. The only employees or agents who have access to your information are those who must have it to provide products or services to you. We do not sell your information to mass marketing or telemarketing companies. Any information we share with third parties, such as those organizations which perform a service for us or market our products, is subject to appropriate confidentiality protections and may be used only for the purposes intended.



* This privacy notice is provided on behalf of the following Liberty Mutual companies and affiliates that provide personal automobile, homeowners, life insurance and annuities: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, Liberty Insurance Company of America, Liberty Northwest Insurance Corporation, Liberty Life Assurance Company of Boston, Liberty County Mutual Insurance Company (Texas only), Liberty Lloyds of Texas Insurance Company, LM Property and Casualty Insurance Company, Liberty Mutual Personal Insurance Company, Liberty Personal Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company, LM General Insurance Company, American States Preferred Insurance Company, Consolidated Insurance Company, Wausau General Insurance Company, Wausau Underwriters Insurance Company and Wausau Business Insurance Company.

2348 12 15

Feb 07 2020 15:03:34 EST                    MSG# 1923206257-000-1        Page 043 Of 052



## Notice Of Premium Discounts

### Passive Restraint Discount

You will receive a discount in your first party benefits insurance (medical expense, wage loss, etc.) and liability insurance if your vehicle is equipped with passive seat belts or airbags. Passive seat belts are those which automatically fasten without any action by the driver or front seat passenger.

### Anti-theft Discount

You will receive a discount under Part D Coverage for Damage to your Auto - Other than Collision (Comprehensive Coverage), if your vehicle is equipped with a hood lock which can only be released from inside the vehicle and one of the following: passive or active anti-theft device or an audible theft alarm. Passive anti-theft devices are systems installed which are activated automatically when the driver turns the ignition key to the off position. This does not include an ignition interlock provided as a standard feature by the manufacturer. Active anti-theft devices are those which are manually activated by the vehicle operator.

### Driver Improvement Course Discount

If all named insured drivers are 55 and older and have successfully completed a driver improvement course approved by the Pennsylvania Department of Transportation, they will receive a 5% discount for all coverages.

### Good Student Discount

If you are under the age of 25, and if you are a full time high school, college or university student with a Grade Average of at least a B, or equivalent, rank in the top 20% of your class or were included in the Dean's List, Honor Roll or the equivalent, you may be eligible for up to a 25% discount on most basic coverages.

If you feel you qualify for any of these discounts, or if you have any questions, please contact us at the number shown on your declarations. A representative will be happy to assist you.

AUTO 3238 12 14

Feb 07 2020 15:04:02 EST      MSG# 1923206257-000-1      Page 044 Of 052



## Choose The Payment Option That Works For You

We are committed to making billing easy and hassle free. That is why we offer a selection of billing and payment options to choose from.

### PAYMENT OPTIONS

- **Electronic Funds Transfer (EFT).** Save time and money with our convenient EFT option. Once you enroll, your insurance payment will be withdrawn directly from your checking/savings account. A charge may be applied to each installment unless paid in full, although installment fees will be lower than for other payments options. As a convenience, we will make every attempt to issue any refunds due to your bank account from which the payment was received. Sign up by visiting LibertyMutual.com/register or if you already have an eService account, simply login.

- **Recurring Credit Card\*.** Save time with our recurring credit card option. Once you enroll, your insurance payment will be charged directly to your credit card. As a convenience, we will make every attempt to issue any refunds due to your credit card from which the payment was received. We accept all major credit cards including American Express, Visa, MasterCard and Discover. A charge will be applied to each installment unless paid in full. Sign up by visiting LibertyMutual.com/register or if you already have an eService account, simply login.

- **Online.** Pay your bill online with eService at LibertyMutual.com/register. Click to register, or if you already have an eService account, simply login. A charge may be applied to each installment unless paid in full.

- **Direct Bill.** Choose a billing frequency (i.e. Monthly, Quarterly, Pay in Full , Pay in Two and Bi-Monthly) that is right for you and receive paper bills by mail. A charge will be applied to each installment unless paid in full.

\*This option is available for most policy types.

### REFUNDS

In most states and in most situations, any refunds owed will automatically be refunded in the same method your last payment was received. For example, if the last payment you made was with a credit card, we will apply your refund back to your credit card. We will refund electronic check payments back to your checking account instead of mailing you a check. Electronic check payments include:

- Check payments processed online at LibertyMutual.com
- A Liberty Mutual Service Rep initiated one-time check or EFT payment

However, we will typically mail a refund check in the following situations:

- The refund amount is greater than the last single payment amount received
- Your bank rejects an electronic refund
- Your credit card company rejects an electronic refund

### FEES

- An installment charge may be applied to the outstanding account balance if there is a current installment amount due depending on the payment option chosen. You can avoid future installment charges by paying the Account Balance in full or you may save on future installment charges by enrolling in Electronic Funds Transfer (EFT) payment option.

- If we receive your payment after the due date, you may be charged a late fee of up to $15.00. Late payments may affect your future premiums, your coverage or continuation of your policy.

- **A returned payment fee** may be charged for any payment not accepted by your financial institution.

If you have any questions please contact  us at 1-800-225-7014 and a representative will be happy to assist you.

Thank you for insuring with Liberty Mutual.  We appreciate your business.

AUTO 2957 04 16

Feb 07 2020 15:04:42 EST    MSG# 1923206257-000-1    Page 045 Of 052

Liberty
Mutual.
INSURANCE

## Important Information - Tort Options

The laws of the Commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

1.   "Limited Tort" Option...This form of insurance limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers.  Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other non-monetary damages unless the injuries suffered fall within the definition of "serious injury", as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

2.   "Full Tort" Option... This form of insurance allows you to maintain an unrestricted right for yourself and other members of your household to seek financial compensation for injuries caused by other drivers.  Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering or other non-monetary damages as a result of injuries caused by other drivers.

If you wish to change the tort option that currently applies to your policy, you must notify your agent, broker or company and request and complete the appropriate form.

AUTO 3237                          Liberty Mutual Insurance Group

## Notice Regarding Rental Vehicle Coverage

Liberty Mutual would like to inform you that if you presently carry collision coverage   (Part D - Coverage for Damage To Your Auto) on your Liberty Mutual Automobile Insurance Policy, we will provide the same collision coverage on a vehicle that you rent for a period of thirty (30) days or less during the term of your policy.

When you rent a vehicle it is not necessary for you to purchase the optional collision coverage or a collision damage waiver that the rental car company offers, except in the following situations:

- Your policy does not provide for collision coverage;

- The vehicle you rent is principally used for business and not a private passenger auto; or

- You rent the vehicle for a period of more than thirty (30) days.

Please be aware that no coverage is provided by this description, and it does not replace any of the provisions of your policy.  The coverage is subject to any applicable deductible shown in your Policy Declarations page.  If there is any conflict between the policy and this description, the provisions of the policy will apply.

If you have any questions regarding this coverage or your policy, please contact your local Liberty Mutual Sales Office.

AUTO 3197 R2

\*000000\*
Liberty Mutual
PO Box 970
Mishawaka, IN 46546


Liberty Mutual
INSURANCE

Keith Kreider
Laurie M Kreider
200 Pinnacle Rd W
Holtwood PA 17532-9510

**CONTACT US**
Questions About
Your Policy
**By Phone**
1-800-225-7014


tru STAGE

**To Report a Claim**
**By Phone**
1-800-2CLAIMS
(1-800-225-2467)

## Thank you for insuring with Liberty Mutual

This package contains your updated policy declarations and documents that
reflect changes made to your policy:
- Add Paperless Policy Discount
- Eliminate Vehicle 4

Please look over this information and keep it with your insurance documents.

If you have any questions about your coverage, available discounts or product
offerings, please call us at **1-800-225-7014.**

Sincerely,
Your Liberty Mutual Service Team

### A GUIDE TO YOUR AUTO ENDORSEMENT PACKET

| PAGE | SECTION |
|------|---------|
| 1 | **Policy Declarations** Includes important information about your policy, including vehicles and drivers covered as well as your discounts and benefits. |
| 2 | **Coverage Information** Includes important coverage information. Please review this section in detail to ensure you are fully covered. Contact us with any questions. |



**Named Insured:**
1. Keith Kreider
2. Laurie M Kreider
**Policy Number:**
AOS-288-180012-70 8 0
**Policy Period:**
05/16/2018 to 05/16/2019
**Mailing Address:**
200 Pinnacle Rd W
Holtwood PA 17532-9510
**Affinity:**
Diamond Credit Union

**THIS IS NOT YOUR AUTO INSURANCE BILL. YOU WILL BE BILLED SEPARATELY.**

 Call 1-800-225-7014    |    AOS-288-180012-70 8  0    |    1-800-2CLAIMS     LIBERTY Mutual. INSURANCE

 **ACTION REQUIRED:**
PLEASE REVIEW AND KEEP FOR YOUR RECORDS.

## Policy Declarations
### Total Annual Premium: $3,818.00

Reason for your new declarations page: Policy Change 06
Please refer to the **Change Detail** section for more information.
**Effective date of this change: 05/27/2018**

Your discounts and benefits have been applied. Includes state sales tax and local surcharge where applicable.



**THIS POLICY COVERS COLLISION DAMAGE TO RENTAL VEHICLES.**

### Insurance Information

| Named Insured: | Keith Kreider<br>Laurie M Kreider | Policy Number: | AOS-288-180012-70 8  0 |
| --- | --- | --- | --- |
| Mailing Address: | 200 Pinnacle Rd W<br>Holtwood PA 17532-9510 | Policy Period: | 05/16/2018-05/16/2019 12:01 a.m.<br>standard time at the address of the<br>Named Insured |
| | | Declarations Effective: | 05/27/2018 |
| | | Affinity Affiliation: | Diamond Credit Union |

### Vehicles Covered by Your Auto Policy

| | YEAR | MAKE | MODEL | VEHICLE ID NUMBER | ANNUAL MILEAGE | PURCHASE DATE |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | 2011 | BMW | 328 | WBAPK5C58BF125144 | 2,500 | 2018 |
| 2 | 1999 | DODGE | RAM PU2500 | 3B7KF2361XG236908 | 2,500 | 2011 |
| 3 | 2011 | NISSAN | MURANO | JN8AZ1MW2BW154096 | 2,500 | 2015 |

### Driver Information

| | NAME | STATE | | NAME | STATE |
| --- | --- | --- | --- | --- | --- |
| 1 | Keith Kreider | PA | 2 | Laurie M Kreider | PA |
| 3 | Kaitlynn Kreider | PA | | | |

To ensure proper coverage, please contact us to add drivers not listed above.

RECEIVED: 2020-02-07 15:06:05 (GMT -05:00)



Call 1-800-225-7014 to talk to
your agent about the availability
of this coverage and whether it
meets your needs.

AOS-288-180012-70 8  0     1-800-2CLAIMS



---

### DISCOUNTS AND BENEFITS SECTION

Your discounts and benefits have been applied to your Total Annual  Policy Premium.

#### Vehicle Discounts

| | VEH 1 | VEH 2 | VEH 3 |
|---|---|---|---|
| | 2011 | 1999 | 2011 |
| | BMW | DODGE | NISSAN |
| | 328 | RAM PU2 | MURANO |
| Anti-Theft Device Discount | • | | • |
| Vehicle Safety Discount | • | • | • |
| New-to-Liberty Vehicle Discount | • | • | • |

#### Policy Discounts

- Early Shopper Discount
- Paperless Policy Discount
- Student-away-at-School Discount
- Multi-Car Discount
- Good Student Discount
- Accident Free Discount
- Homeowner Discount
- Violation Free Discount
- Multi-Policy Property Discount
- Preferred Payment Discount

#### Policy Benefits

**Accident Forgiveness:** Congratulations!  Your Policy has earned Accident Forgiveness!  If an experienced driver on your policy has an  accident, we won't raise your price due to the first  accident.

## Coverage Information

Your total annual policy premium for all covered vehicles is shown below. A premium is shown for each type of coverage you have purchased for each vehicle. **Where no premium is shown, you have not purchased the indicated coverage for that vehicle.**

| COVERAGE | LIMITS | | PREMIUM PER VEHICLE | | |
|---|---|---|---|---|---|
| | | | VEH 1 | VEH 2 | VEH 3 |
| | | | 2011 | 1999 | 2011 |
| | | | BMW | DODGE | NISSAN |
| | | | 328 | RAM PU2 | MURANO |
| **A. Liability** | | | | | |
| Bodily Injury | $ | 100,000 Each Person | $350 | $175 | $338 |
| | $ | 300,000 Each Accident | | | |
| Property Damage | $ | 100,000 Each Accident | $372 | $269 | $421 |
| Full Tort Option Selected | | | | | |

Feb 07 2020 15:06:56 EST          MSG# 1923286257-000-1          Page 049 Of 052

 Call 1-800-225-7014 to talk to your agent about the availability of this coverage and whether it meets your needs.   |   AOS-288-180012-70 8 0   |   1-800-2CLAIMS

 Liberty Mutual. INSURANCE

## Coverage Information continued

| COVERAGE | LIMITS | | PREMIUM PER VEHICLE | | |
|---|---|---|---|---|---|
| | | | VEH 1 2011 BMW 328 | VEH 2 1999 DODGE RAM PU2 | VEH 3 2011 NISSAN MURANO |
| **C. Uninsured Motorists** | | | | | |
| Uninsured Motorists Bodily Injury Full Tort Option Selected | $ $ | 100,000 Each Person 300,000 Each Accident | $45 | $20 | $35 |
| **Underinsured Motorists** | | | | | |
| Underinsured Motorists Bodily Injury Full Tort Option Selected | $ $ | 100,000 Each Person 300,000 Each Accident | $135 | $59 | $106 |
| **D. Coverage for Damage to Your Auto** | | | | | |
| Collision Actual Cash Value Less Deductible Shown Veh 1 $500 | | Veh 3 $500 | $535 | Not Purchased* | $337 |
| Other Than Collision Actual Cash Value Less Deductible Shown Veh 1 $500 | | Veh 3 $500 | $244 | Not Purchased* | $136 |
| **First Party Benefits** | | | | | |
| First Party Benefits 5,000 Medical Expense 1,500 Funeral Expense 5,000 Income Loss 5,000 Accidental Death Full Tort Option Selected | | | $68 | $21 | $62 |
| **Optional Coverages** | | | | | |
| Towing And Labor Cost Each Disablement Veh 1 $50 | | Veh 3 $50 | $6 | | $6 |
| Transportation Expenses | $45 Per Day $1,350 Per Accident | | $39 | | $39 |
| **Annual Premium Per Vehicle:** | | | **$1,794** | **$544** | **$1,480** |

AUTO 4313 03 18          THIS IS NOT YOUR AUTO INSURANCE BILL, YOU WILL BE BILLED SEPARATELY.          Page 3 of 5

Feb 07 2020 15:07:54 EST                    MSG# 1923206257-000-1        Page 050 Of 052

Call 1-800-225-7014 to talk to     AOS-288-180012-70-8-0     1-800-2CLAIMS
your agent about the availability
of this coverage and whether it
meets your needs.

 Liberty Mutual INSURANCE

## Coverage Information continued

### Premium Adjustment from 05/27/2018 to 05/16/2019

|                | VEH 1  | VEH 2 | VEH 3  | VEH 4   |
|----------------|--------|-------|--------|---------|
|                | $28CR  | $8CR  | $23CR  | $133CR  |

Total Adjustment: $192.00CR

**Total Annual Policy Premium: $3,818.00**

### Additional Coverages and Products Available *

We've reviewed your policy and have identified additional optional coverages and products that can add valuable protection. Talk to your agent about purchasing the following coverages and products and whether they meet your needs.

- **Deductible Fund™**: The last thing you want to think about after an accident is your deductible. We'll lower your collision deductible on every car on your policy by $100 each year you keep the fund.

- **Better Car Replacement™**: Totaling your car hurts. We'll make it feel a little better. If your car is totaled, we'll give you the money for a car that's one model year newer with 15,000 fewer miles on it.

* These optional coverages are subject to policy provisions, limitations, and exclusions. Daily limits or a deductible may apply. For a complete explanation, please consult your agent today.

### Additional Information for Vehicles Covered by Your Policy

| Loss Payee(s)            | Month/Year Expires |
|--------------------------|--------------------|
| VEH 1: MEMBERS 1ST FCU   | 12/2022            |

Vehicles Owned by Other Than the Named Insured

VEH 1: Kaitlynn Kreider

### Change Detail

Changes made to your policy for: Policy Change 06

- Add Paperless Policy Discount
- Eliminate Vehicle 4

### Policy Forms and Endorsements: The following forms and endorsements are applicable to your policy.

Uninsured Motorists Coverage - Pennsylvania (Stacked) AS3689 06 16
Pennsylvania First Party Benefits Coverage Endorsement PP 05 51 11 92
Split Uninsured Motorists Limits Pennsylvania (Stacked) PP 04 22 07 90
Split Liability Limits PP 03 09 04 86

Towing and Labor Coverage AS2208 02 05

Notice to Others if Cancellation Occurs AS1019 12 89

Underinsured Motorists Coverage - Pennsylvania (Stacked) AS3691 06 16
Split Underinsured Motorists Limits Pennsylvania (Stacked) PP 04 18 07 90
Optional Transportation Expenses Coverage AS2207 02 05
Nuclear, Bio-Chemical & Mold Exclusion Endorsement AS2221 04 05
Coverage For Damage To Your Auto Exclusion Endorsement PP 13 01 12 99
Loss Payable Clause PP 03 05 08 86

RECEIVED: 2020-02-07 15:08:06 (GMT -05:00)

 Call 1-800-225-7014          AOS-288-180012-70 8 0    1-800-2CLAIMS          

LibertyGuard Auto Policy Declarations provided and underwritten by LM General Insurance Company (a stock insurance company), Boston, MA.

_____          _____
President                                                            Secretary


This policy, including endorsements listed above,          _____
is countersigned by:                                                    Authorized Representative

EXHIBIT "C"



**METZGER WICKERSHAM**

SINCE 1888

2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
717-238-5187
Fax: 717-234-9478
www.mwke.com

Lancaster          Pottsville
717-431-0138      570-581-8122
Shippensburg      Wilkes-Barre
717-530-7515      570-825-7439
                  York:
                  717-843-0502

December 19, 2019

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Liberty Mutual General Insurance Company
P.O. Box 515097
Los Angeles, CA 90051
Attn: Ms. Linda Heist

RE:   **Your Insured/**
      **My Client**    :    **Laurie Kreider**
      **DOI**          :    **September 15, 2018**
      **Claim #**      :    **LA000-038219851-08**

Dear Ms. Heist:

I am pleased to report that my client Laurie Kreider, has authorized me to submit to you, this statement of demand in settlement of her uninsured motorist injury claim arising out of the accident on September 15, 2018.  On behalf of Mrs. Kreider, we are demanding the sum of $170,000.00 and if acceptable, be signing an appropriate Release.

This demand is submitted for settlement purposes.  You should not consider this statement of demand to be any type of evidentiary admission or for any purpose other than the non-litigation resolution of this matter.  I trust that the demand package will thoroughly document Mrs. Kreider's claims and allow you to complete your evaluation and satisfy our demand.

So that your file is complete, I am enclosing for you copies of the following documents and materials:

    (1)      West Sadsbury Township Police Crash Report (Exhibit "A");

    (2)      A copy of the Kreider's declarations page (Exhibit "B");

Edward E. Knauss, IV ·
Clark DeVere ·
Andrea M. Colick
Zachary D. Campbell ·
Amy L. Bancini ·
Rebecca L. Bailey ·
Lori B. Painter
Catherine N. Reeves ·

· Board Certified Civil Trial Specialist
· Certified Workers' Compensation Specialist
· Licensed in PA and NJ

)                              )

Liberty Mutual
December 19, 2019
Page 2

    (3)    Color reprints and/or copies of photographs of the Richard P. Adams' vehicle (Exhibit "C";

    (4)    Color reprints and/or copies of photographs of the Kreider vehicle (Exhibit "D");

    (5)    Copy of the Traffic Docket for Mr. Adams showing he pled guilty to the charge of not having automobile insurance, and a letter dated September 27, 2018 from GEICO denying insurance coverage for the accident (Exhibit "E");

    (6)    Color reprints and/or copies of photographs of some of my client's surgical scarring (Exhibit "F");

    (7)    Copies of medical records from the following providers (Exhibit "G");

        a.  Keystone Valley EMS;
        b.  Christiana Community Ambulance;
        c.  Lancaster General Hospital;
        d.  Walter Aument Family Health Center;
        e.  ATI-Physical Therapy;
        f.  Westphal Orthopedics;
        g.  MRI Group;
        h.  Lancaster Neuroscience & Spine Associates;
        i.  Lancaster General Health – Willow Street; and
        j.  Physicians Surgical Center

    (8)    Medical billing summary with copies of medical bills (Exhibit "H");

    (9)    Wage loss supporting documentation (Exhibit "I")

    (10)   Miscellaneous expense summary (Exhibit "J"); and

    (11)   Copies of prior medical records from the following providers (Exhibit "K");

        a.  Walter Aument Family Health Center

Please note that this transmittal and communication contains medical records and information, which may be protected by the Health Insurance Portability and Accountability Act. Please ensure that you comply with the provisions of that Act and preserve the confidentiality.

I.    **<u>LIABILITY</u>**

The accident occurred on September 15, 2018, at approximately 12:50 p.m. The accident occurred on Lincoln Highway in the area of Swan Road, West Sadsbury Township, Chester

Liberty Mutual
December 19, 2019
Page 3

County, Pennsylvania.  Three vehicles were involved in the accident:  (1) the Adams 2001 Ford F250 pick-up truck, driven by Richard Adams ; (2) the Kreider 2011 Nissan Murano, driven by Laurie Kreider and occupied by Keith Kreider; and (3) The Martter 2011 Chevrolet K1500 pick-up truck, driven by Scott Martter.

According to the police crash report, the crash occurred as all three vehicles were travelling west-bound on Lincoln Highway in the area Swan Road. Traffic ahead was stopped. Ms. Kreider came to a stop. Mr. Adam's struck the rear of the Kreider vehicle propelling it into the center turn lane, Mr. Adams continued west-bound and struck the rear of the Martter vehicle.

The police arrived at the scene.  The investigating police officer noted that the Adams vehicle sustained "major damage" to the front of the vehicle and that the Kreider vehicle also sustained "major damage" to the rear of the vehicle.  Both vehicles were towed from the scene.

The officer also noted that both Mr. & Mrs. Kreider were injured and transported from the scene via ambulance.

The investigating officer found the prime and only factor for the accident was Mr. Adams driving while distracted. The officer charged Mr. Adams with a violation of 75 Pa. C.S.A. § 3714 or careless driving.  Mr. Adams was subsequently charged with a violation of 75 Pa. C.S.A. § 1786 or operating a vehicle without the required financial responsibility. Mr. Adams pled guilty to the charges on November 7, 2018.

Mr. Adams is liable for this accident with no contributing action noted on the part of Mrs. Kreider.

## II.   PROPERTY DAMAGE

Liberty Mutual Insurance paid the property damage to the Kreider vehicle.

## III.   PERSONAL INFORMATION

Laurie Kreider is a right handed, 53-year-old married female who resides with her family in Holtwood, Pennsylvania.  Her date of birth is May 8, 1966.

## IV.   PERSONAL INJURIES

   a.   **INJURIES AND CONDITIONS:**

   1.   Full and Partial thickness tears of the supraspinatus tendon, right shoulder;
   2.   Subacromial subdeltoid bursitis;
   3.   Neck pain with radiation into right shoulder and right arm;
   4.   Strain of neck muscle;
   5.   Strain of thoracic region;

)                              )

Liberty Mutual
December 19, 2019
Page 4

     6.    Cervical and thoracic region tenderness;
     7.    Concussion;
     8.    Headaches;
     9.    Back pain;
     10.    Crepitation, right shoulder;
     11.    Tenderness right AC Joint, medial border of scapula, interscalene and SC Joint;
     12.    Displaced Clavicle;
     13.    Sternal and Clavicle discomfort;
     14.    Contusion of coccyx;
     15.    Muscle spasms;
     16.    Right shoulder pain;
     17.    Pain under right scapula;
     18.    Decreased and painful right shoulder range of motion;
     19.    Right shoulder stiffness;
     20.    Right shoulder weakness;
     21.    Right shoulder tightness;
     22.    Sleep disturbance/insomnia;
     23.    Increased anxiety/nervousness;
     24.    Decreased cervical range of motion;
     25.    Decreased right shoulder strength;
     26.    Decreased right shoulder flexibility;
     27.    Numbness and tingling in right arm; and
     28.    Straightening of the cervical lordosis

b.    **MEDICATIONS:** Tylenol, Ibuprofen, Oxycodone, Decadron, Toradol, Propofol, Zofran, Oxygen, Cyclobenzaprine, Meloxicam, Gabapentin, Escitalopram, Hydromorphone, Odansetron

c.    **PROCEDURES:**

**Lancaster General Hospital:**

1.  X-ray, thoracic spine – 09/15/18;
2.  CT-scan, head – 09/15/18; and
3.  CT-scan, cervical spine – 09/15/18

**Westphal Orthopedics:**

1.  X-ray, right shoulder   09/26/18; and
2.  X-ray, right shoulder – 11/21/18

**MRI Group:**

Liberty Mutual
December 19, 2019
Page 5

    1. MRI, right shoulder – 10/05/18; and
    2. MRI, cervical spine – 11/09/18

**Lancaster General Health Willow Street:**

    1. CT-scan, right shoulder – 10/17/19

**Physicians Surgical Center:**

    1. Examination right shoulder under anesthesia – 11/15/18;
    2. Diagnostic arthroscopy right shoulder – 11/15/18;
    3. Arthroscopic subacromial decompression, right shoulder – 11/15/18;
    4. Arthroscopic Mumford, right shoulder – 11/15/18; and
    5. Arthroscopic rotator cuff repair, right shoulder – 11/15/18

d.    **DATES OF TREATMENTS BY PROVIDERS:**

    1. Keystone Valley EMS – 09/15/18;
    2. Christiana Community Ambulance – 09/15/18;
    3. Lancaster General Hospital – 09/15/18;
    4. Walter Aument Family Health Center – 09/18/18 & 11/08/18;
    5. ATI-Physical Therapy – 09/25/18, 09/28/18, 10/01/18, 10/03/18, 10/05/18, 10/08/18, 10/10/18, 10/15/18, 12/03/18, 12/07/18, 12/10/18, 12/12/18, 12/14/18, 12/18/18, 12/19/18, 12/21/18, 12/24/18, 12/26/18, 12/28/18, 12/31/18, 01/02/19, 01/04/19, 01/07/19, 01/09/19, 01/11/19, 01/16/19, 01/18/19, 01/21/19, 01/23/19, 01/25/19, 01/29/19, 01/30/19, 01/16/19, 02/06/19, 02/08/19, 02/13/19, 02/15/19, 02/18/19, 02/25/19, 03/01/19, 03/06/19, 03/08/19, 03/26/19 for 43 visits;
    6. Westphal Orthopedics – 09/26/18, 10/10/18, 11/21/18, 12/27/18, 01/24/19 & 02/18/19 for 6 visits;
    7. MRI Group – 10/05/18 & 11/09/18;
    8. Lancaster General Health Willow Street – 10/17/18;
    9. Lancaster Neuroscience & Spine Associates – 10/29/18; &
    10. Physicians Surgery Center – 11/15/18

e.    **MEDICAL APPLIANCES:**

    1. Cervical Collar;
    2. Cervical traction device;
    3. Sling – 6 weeks

V.    **MEDICAL EXPENSES**

)                                                     )

Liberty Mutual
December 19, 2019
Page 6

Mrs. Kreider's medical expenses arising out of the accident on September 15, 2018, total approximately $51,119.94 to date. Mrs. Kreider was insured with Liberty Mutual Insurance at the time of the crash and they paid medical benefits in the amount of $5,000.00 and exhausted the benefit. Mrs. Kreider's health insurer, Capital BlueCross has paid for injury related medical treatment, however, it is not exercising its subrogation rights.

Mrs. Kreider has paid $2,169.88 to date in out-of-pocket medical care.

There are outstanding medical bill balances in the amount of $14,783.02. Of that, $12,742.31 is pending payment with Mrs. Kreider's health insurance carrier. Any balances that remain due as part of Mrs. Kreider's copays/deductible will need satisfied.

## VI.    INCOME LOSS

At the time of the accident, Mrs. Kreider was self-employed as a Realtor. Based upon the attached documentation, which was also provided to Liberty Mutual's Accountant, Mrs. Kreider's net profit for each 30-day period was calculated at $2,271.00. However, that calculation was based on Mrs. Kreider's Schedule C Tax Return from 2017 only. In Mrs. Kreider's profession, her income fluctuates each year. The average 30 day period profit Mrs. Kreider earned for the 5 years prior to the within incident (2013-2017) was $2,979.12.

Mrs. Kreider was unable to work from the date of the accident until March 11, 2019 or approximately 6 months. Mrs. Kreider lost approximately $17,974.72 in wages. Liberty Mutual paid wage loss benefits in the amount of $5,000.00 and exhausted the benefit. Mrs. Kreider is owed approximately $12,874.72 in outstanding lost wages.

## VII.    SCARRING AND DISFIGUREMENT

Mrs. Kreider has surgical scars as evidenced in the enclosed photographs.

## VIII.    MISCELLANEOUS EXPENSES

Mrs. Kreider has $294.84 in mileage expense to and from her medical appointments.

## IX.    PAIN AND SUFFERING

Under Pennsylvania law, Mrs. Kreider is entitled to full and adequate compensation for the physical and emotional suffering she has undergone as a result of the injuries she sustained in this accident. The legal concept of pain and suffering includes a wide variety of physical and emotional reactions to injury, including the following:

    A.    Physical pain;
    B.    Mental distress and anxiety;
    C.    Loss of feeling of well-being;

Liberty Mutual
December 19, 2019
Page 7

      D.     Embarrassment and humiliation; and
      E.     Loss of ordinary pleasure and enjoyment of life.

**X.**    <u>**CONCLUSION**</u>

Mrs. Kreider has been injured and he has endured pain and suffering which is objectively established in the records.  With the foregoing in mind, Mrs. Kreider is demanding the sum of $170,000.00 and if acceptable be signing an appropriate Release.

I look forward to satisfaction of our demand.

Sincerely,

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

Andrea M. Cohick, Esquire

AMC:bah
Enclosures

EXHIBIT "D"



METZGER
WICKERSHAM
SINCE 1888

2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
717-238-8187
Fax: 717-234-9478
www.mwke.com

Lancaster           Pottsville
717-431-0138        570-581-8172
Shippensburg        Wilkes-Barre
717-530-2915        570-825-7500
                York
        717-843-0502

December 19, 2019

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Liberty Mutual General Insurance Company
P.O. Box 515097
Los Angeles, CA 90051
Attn: Ms. Linda Heist

| RE: | Your Insured/ | | |
|-----|---------------|---|---|
| | My Client | : | **Keith Kreider** |
| | DOI | : | **September 15, 2018** |
| | Claim # | : | **LA000-038219851-08** |

Dear Ms. Heist:

I am pleased to report that my client Keith Kreider, has authorized me to submit to you, this statement of demand in settlement of his uninsured motorist injury claim arising out of the accident on September 15, 2018. On behalf of Mr. Kreider, we are demanding the sum of $170,000.00 and if acceptable, be signing an appropriate Release.

This demand is submitted for settlement purposes. You should not consider this statement of demand to be any type of evidentiary admission or for any purpose other than the non-litigation resolution of this matter. I trust that the demand package will thoroughly document Mr. Kreider's claims and allow you to complete your evaluation and satisfy our demand.

So that your file is complete, I am enclosing for you copies of the following documents and materials:

    (1)    West Sadsbury Township Police Crash Report (Exhibit "A");

    (2)    A copy of the Kreider's declarations page (Exhibit "B");

    (3)    Color reprints and/or copies of photographs of the Richard P. Adams' vehicle (Exhibit "C";

Edward F. Knauss, IV *
Clark DeVire †
Andrea M. Coback
Zachary D. Campbell *
Amy E. Beaven †
Rebecca L. Bailey †
Lori B. Painter
Catherine N. Reeves †

* Board Certified Civil Trial Specialist
† Certified Workers' Compensation Specialist
‡ Licensed in PA and NJ

Liberty Mutual
December 19, 2019
Page 2

(4)    Color reprints and/or copies of photographs of the Kreider vehicle (Exhibit "D");

(5)    Copy of the Traffic Docket for Mr. Adams showing he pled guilty to the charge of not having automobile insurance, and a letter dated September 27, 2018 from GEICO denying insurance coverage for the accident (Exhibit "E");

(6)    Color reprints and/or copies of photographs of some of my client's visible injuries and scarring (Exhibit "F");

(7)    Copies of medical records from the following providers (Exhibit "G");

   a.    Keystone Valley Fire Department EMS;
   b.    Lancaster General Hospital;
   c.    Stephen G. Diamantoni, M.D. & Associates;
   d.    MRI Group;
   e.    Lancaster Orthopedic Group;
   f.    ATI Physical Therapy;
   g.    Westphal Orthopedics;
   h.    Physicians Surgery Center;
   i.    Penn Medicine Lancaster General Plastic Surgery;
   j.    Penn Medicine Lancaster General Neuroscience Institute; and
   k.    Lancaster General Health – Willow Lakes Outpatient Rehabilitation.

(8)    Medical billing summary with copies of medical bills (Exhibit "H");

(9)    Wage loss supporting documentation (Exhibit "I"); and

(10)   Miscellaneous expense summary (Exhibit "J")

Please note that this transmittal and communication contains medical records and information, which may be protected by the Health Insurance Portability and Accountability Act. Please ensure that you comply with the provisions of that Act and preserve the confidentiality.

I.    **LIABILITY**

The accident occurred on September 15, 2018, at approximately 12:50 p.m. The accident occurred on Lincoln Highway in the area of Swan Road, West Sadsbury Township, Chester County, Pennsylvania. Three vehicles were involved in the accident: (1) the Adams 2001 Ford F250 pick-up truck, driven by Richard Adams ; (2) the Kreider 2011 Nissan Murano, driven by Laurie Kreider and occupied by Keith Kreider; and (3) The Martter 2011 Chevrolet K1500 pick-up truck, driven by Scott Martter.

)                                    )

Liberty Mutual
December 19, 2019
Page 3

According to the police crash report, the crash occurred as all three vehicles were travelling west-bound on Lincoln Highway in the area Swan Road. Traffic ahead was stopped. Ms. Kreider came to a stop. Mr. Adam's struck the rear of the Kreider vehicle propelling it into the center turn lane, Mr. Adams continued west-bound and struck the rear of the Martter vehicle.

The police arrived at the scene. The investigating police officer noted that the Adams vehicle sustained "major damage" to the front of the vehicle and that the Kreider vehicle also sustained "major damage" to the rear of the vehicle. Both vehicles were towed from the scene.

The officer also noted that both Mr. & Mrs. Kreider were injured and transported from the scene via ambulance.

The investigating officer found the prime and only factor for the accident was Mr. Adams driving while distracted. The officer charged Mr. Adams with a violation of 75 Pa. C.S.A. § 3714 or careless driving. Mr. Adams was subsequently charged with a violation of 75 Pa. C.S.A. § 1786 or operating a vehicle without the required financial responsibility. Mr. Adams pled guilty to the charges on November 7, 2018.

Mr. Adams is liable for this accident with no contributing action noted on the part of Mr. Kreider.

## II.   PROPERTY DAMAGE

Liberty Mutual Insurance paid the property damage to the Kreider vehicle.

## III.   PERSONAL INFORMATION

Keith Kreider is a right handed, 47-year-old married male who resides with his family in Holtwood, Pennsylvania. His date of birth is April 8, 1972.

## IV.   PERSONAL INJURIES

### a.   INJURIES AND CONDITIONS:

1. Head injury;
2. 2 mm laceration and avulsion to forehead;
3. Hematoma right side of lower lip;
4. Swelling of right cheek;
5. Neck pain;
6. Acute post-traumatic headache;
7. Face pain;
8. Nosebleed;
9. Sinus tenderness;
10. Concussion;

Liberty Mutual
December 19, 2019
Page 4

11.  Contusion right clavicular region;
12.  Acute right shoulder pain;
13.  Back pain;
14.  Numbness and tingling down right arm into hand;
15.  Decreased sensation in right lateral 4th & 5th fingers;
16.  "Knot" in right shoulder;
17.  Cervical radiculopathy;
18.  Right central disc herniation C6-C7;
19.  Burning sensation radiating across chest;
20.  Acromioclavicular joint tenderness;
21.  Radiculopathy, right arm;
22.  Decreased right arm strength;
23.  Decreased, painful and limited right shoulder range of motion;
24.  Decreased right shoulder flexibility;
25.  Sleep disturbance;
26.  Sprained right shoulder;
27.  Depressed wide scar of central forehead;
28.  Post-concussion syndrome; and
29.  Adjustment disorder with anxiety

b.  **MEDICATIONS:** Medrol DosePak, Mobic, Ibuprofen, Voltaren Gel, Ancef, Tylenol, Zofran, Oxygen, Propofol, Decadron, Toradol, Oxycodone, and Xylocaine with epinephrine

c.  **PROCEDURES:**

**Lancaster General Hospital:**

1.  CT-Scan, cervical spine – 09/15/18;
2.  CT-Scan, facial bones – 09/15/18;
3.  CT-Scan, head – 09/15/18;
4.  Laboratory work – 12/03/18; and
5.  EKG – 12/03/18

**MRI Group:**

1.  MRI, right shoulder – 09/21/18; and
2.  MRI, cervical spine – 10/30/18

**Physicians Surgery Center:**

1.  Examination right shoulder under anesthesia – 12/20/18;
2.  Diagnostic arthroscopy, right shoulder – 12/20/18;
3.  Arthroscopic subacromial decompression – 12/20/18;

Liberty Mutual
December 19, 2019
Page 5

4. Athroscopic Mumford procedure – 12/20/18.

**Westphal Orthopedics:**

1. X-ray, right shoulder – 12/27/18

**Penn Medicine Lancaster General Plastic Surgery:**
1. Excision of central forehead scar with layered wound closure – 01/24/19

d. **DATES OF TREATMENTS BY PROVIDERS:**

1. Keystone Valley Fire Department EMS – 09/15/18;
2. Lancaster General Hospital – 09/15/18 & 12/03/18;
3. Stephen Diamantoni, M.D. & Associates – 09/17/18, 09/21/18, 09/28/18 and 12/12/18;
4. MRI Group – 09/21/18 & 10/30/18;
5. Lancaster Orthopedic Group – 09/18/18, 09/25/18 & 10/15/18;
6. ATI Physical Therapy – 10/08/18, 10/10/18, 01/02/19, 01/04/19, 01/07/19, 01/09/19, 01/11/19, 01/14/19, 01/16/19, 01/18/19, 01/21/19, 01/23/19, 01/28/19, 01/30/19, 02/01/19, 02/04/19, 02/06/19, 02/08/19, 02/11/19, 02/13/19, 02/15/19, 02/18/19, 02/20/19, 02/25/19, 02/27/19 for 25 visits;
7. Westphal Orthopedics – 10/24/18, 12/27/18, 01/24/19 & 02/18/19;
8. Physicians Surgery Center - 12/20/18; and
9. Penn Medicine Lancaster General Plastic Surgery – 01/08/19, 01/24/19, 02/01/19 & 03/01/19;
10. Penn Medicine Lancaster General Neuroscience Institute – 04/22/19 & 05/24/19; and
11. Lancaster General Hospital – Willow Lakes Outpatient Rehabilitation – 05/13/19, 05/20/19, 05/30/19, 06/04/19, 06/06/19 and 06/11/19.

e. **MEDICAL APPLIANCES:**

1. Cervical Collar;
2. Sling

V. **MEDICAL EXPENSES**

Mr. Kreider's medical expenses arising out of the accident on September 15, 2018, total approximately $38,569.78 to date. Mr. Kreider was insured with Liberty Mutual Insurance at the time of the crash and they paid medical benefits in the amount of $5,000.00 and exhausted the benefit. Mr. Kreider's health insurer, Capital BlueCross has paid towards incident related medical treatment but is not exercising its right to reimbursement. Mr. Kreider has paid $544.00

Liberty Mutual
December 19, 2019
Page 6

to date in out-of-pocket medical care. There are outstanding medical bill balances in the amount of $8,343.08 that need satisfied if not addressed by insurance.

**VI.    INCOME LOSS**

At the time of the accident, Mr. Kreider was employed as a Fire Protection Foreman with Protech Mechanical Contractors. Mr. Kreider's hourly rate is $26.00. Mr. Kreider missed 486 hours of work or $12,636.00. Liberty Mutual paid wage loss benefits in the amount of $5,000.00 and exhausted the benefit. The short-term disability insurance carrier, Standard Insurance Company, paid $6,249.97 in benefits. We have requested documentation from Standard Insurance regarding its right to reimbursement. We will forward that documentation upon receipt. Mr. Kreider is owed $1,386.03 in lost wages.

**VII.    SCARRING AND DISFIGUREMENT**

Mr. Kreider has surgical scars as evidenced in the enclosed photographs.

**VIII.    MISCELLANEOUS EXPENSES**

Mr. Kreider has $253.40 in mileage expense to and from his medical appointments.

**IX.    PAIN AND SUFFERING**

Under Pennsylvania law, Mr. Kreider is entitled to full and adequate compensation for the physical and emotional suffering he has undergone as a result of the injuries he sustained in this accident. The legal concept of pain and suffering includes a wide variety of physical and emotional reactions to injury, including the following:

A.    Physical pain;
B.    Mental distress and anxiety;
C.    Loss of feeling of well-being;
D.    Embarrassment and humiliation; and
E.    Loss of ordinary pleasure and enjoyment of life.

**X.    CONCLUSION**

Mr. Kreider has been injured and he has endured pain and suffering which is objectively established in the records. With the foregoing in mind, Mr. Kreider is demanding the sum of $170,000.00 and if acceptable be signing an appropriate Release.

I look forward to satisfaction of our demand.

Sincerely,

Liberty Mutual
December 19, 2019
Page 7

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

Andrea M. Cohick, Esquire

AMC:bah
Enclosures