UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

LAURIE KREIDER and KEITH
KREIDER, *individual and as wife and
husband*,
          Plaintiffs,

          v.                              No. 5:22-cv-00047

LM GENERAL INSURANCE
COMPANY,
          Defendant.

---

**O P I N I O N**
**Defendant's Motion to Strike, ECF No. 5 – Granted in part; Denied in part**

**Joseph F. Leeson, Jr.**                              **March 30, 2022**
**United States District Judge**

## I.      INTRODUCTION

This matter involves a breach of contract claim brought by Plaintiffs Laurie and Keith

Kreider against LM General Insurance Company.  The claim stems from an automobile accident

involving a car operated by Laurie Kreider and occupied by Keith Kreider.  At the time,

Plaintiffs maintained an insurance policy with LM.  Plaintiffs assert that LM breached the terms

of the policy when it failed to offer the available coverage limit or otherwise make a reasonable

offer under the policy following the accident.

On February 22, 2022, LM moved to strike certain allegations of the Complaint, as well

as certain categories of damages that Plaintiffs demanded.  Following a review of the motion and

Plaintiffs' Complaint, this Court grants the motion in part and denies it in part.  Specifically,

LM's request to strike Plaintiffs' demand of attorneys' fees and costs in paragraph forty-four is

granted.  However, LM's request to strike certain allegations of paragraphs forty-three and forty-five of the Complaint is denied.

## II.      BACKGROUND

On September 15, 2018, a motor vehicle accident occurred between three vehicles.  *See* Compl. ¶¶ 7–8, ECF No. 1.  Among those three vehicles was a 2011 Nissan Murano operated by Laurie Kreider and occupied by Keith Kreider.  *See id.* ¶ 8.   Plaintiffs were transported from the scene via ambulance.  *See id.* ¶ 11.  Following the accident, Plaintiffs suffered several bodily injuries and required various treatments for them.  *See id.* ¶¶ 12–15.

At the time of the incident, Plaintiffs were insured under an automobile policy ("the Policy") with LM.  *See id.* ¶ 17.  The Policy included stacked uninsured motorist (UM) coverage in the amount of $100,000 per person.  *See id.* ¶ 18.  For the accident involving three vehicles, a total amount of $300,000 of UM coverage was available per person.  *See id.*

On December 19, 2019, Plaintiffs' counsel sent demands to LM in the amount of $170,000 for each Plaintiff.  *See id.* ¶ 19.  This amount was rejected, and LM countered with an offer of $42,000 for Laurie Kreider's claim and $55,000 for Keith Kreider's claim.  *See id.* ¶ 21. Following the completion of other medical procedures, the Plaintiffs demanded the Policy limit of $300,000 per Plaintiff.  *See id.* ¶¶ 23–24.  This demand was rejected, and LM countered with an offer of $55,000 for Laurie Kreider's claim and $85,000 for Keith Kreider's claim.  *See id.* ¶ 25.

On January 6, 2022, Plaintiffs filed suit in this Court, alleging a claim of breach of contract.  *See id.*  On February 2, 2022, LM filed the present motion to strike certain allegations of the Complaint.  *See* Mot., ECF No. 5.  Following a series of responses and replies, the motion is ready for review.  *See* Resp., ECF No. 10, Reply, ECF No. 11.

## III.    LEGAL STANDARDS

### A.    Motion to Strike – Review of Applicable Law

Under the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* FED. R. CIV. P. 12(f).

> Immaterial matter is that which has no essential or important relationship to the claim for relief. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action.

*Bacon v. USAA Cas. Ins. Co.*, No. 1:18-cv-01686, 2019 WL 1988214, at *2–3 (M.D. Pa. May 6, 2019) (quoting *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009)).  "The decision whether or not to grant or deny a motion to strike is within the discretion of the Court."  *Id.* (citing *Zaolga*, 671 F. Supp. 2d at 633).

However, "although Rule 12(f) grants the court the power to grant a motion to strike, such motions 'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'"  *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142–43 (E.D. Pa. 2011) (quoting *Wilson v. King*, No. 06-2608, 2010 WL 678102, at *2 (E.D. Pa. Feb. 24, 2010)).

## IV.    ANALYSIS

### A.    Allegations in Paragraph Forty-Three of the Complaint

LM first asserts that Plaintiffs' allegations in paragraph 43 of the Complaint are immaterial.  As it clarifies in its reply, LM takes no issue with subparagraph "a" of paragraph forty-three.  *See* Reply 2.  However, LM argues that the remaining subparagraphs are immaterial or impertinent.  This Court disagrees.

Subparagraph "a" of the subject allegation merely states that LM refused "to honor its contractual obligation to Plaintiffs." *See* Compl. ¶ 43(a).  The remaining subparagraphs serve to color this general allegation, providing examples of the ways in which LM allegedly breached its agreement with Plaintiffs.  *See id.* ¶ 43(b)–(n).  These allegations bear an important relationship to the claim asserted, for, without them, it is probable that LM would consider the lone allegation in subparagraph "a" insufficient to sustain a claim for breach of contract.

Accordingly, given the relationship of the allegations to Plaintiffs' claim, this Court denies LM's motion to strike the allegations in paragraph forty-three.

**B.        Allegations in Paragraph Forty-Five of the Complaint**

LM next asserts that paragraph forty-five of the Complaint should be stricken as containing immaterial or impertinent allegations.  After a review of the allegations, this Court finds it inappropriate to strike this language.  Specifically, this Court does not find it impertinent or immaterial to Plaintiffs' claim that they allege LM had a contractual and statutory duty to Plaintiffs.

Moreover, this Court does not find Plaintiffs' reference to a fiduciary duty troublesome. In particular, the Pennsylvania Supreme Court "has used the phrase fiduciary duty to refer the insurer-insured relationship."  *See McCroy v. State Farm Mut. Auto. Ins. Co.*, No. 07-0039, 2007 WL 917091, at *2 (W.D. Pa. Mar. 23, 2007) (citing *Birth Ctr. v. St. Paul Cos., Inc.*, 787 A.2d 376, 379 (Pa. 2001)).  Plaintiffs do not bring a separate claim for breach of a fiduciary duty. Rather, Plaintiffs merely describe the insurer-insured relationship as a fiduciary one.  This allegation does not strike this Court as immaterial or impertinent, and therefore, this Court denies LM's motion to strike allegations from paragraph forty-five of the Complaint.

#### C.      Demand for Extra-Contractual Damages and Attorneys' Fees

Finally, LM asserts that Plaintiffs' demand for extra-contractual damages and attorneys' fees should be stricken from paragraph forty-four of the Complaint.  LM takes specific issue with Plaintiffs' demand for "costs incurred in pursuing the claim, additional attorneys' fees, court costs, expert witness fees, deposition costs, and other related expenses."  *See* Mot. 4.  While Plaintiffs agree that the demand for attorneys' fees should be stricken, they disagree that the remaining extra-contractual damages should be stricken.  Specifically, Plaintiffs argue that these damages were reasonably foreseeable to LM at the time the contract was entered into.  *See* Resp. 9.

As LM correctly points out, the "American Rule" provides that "litigants are responsible for their own litigation costs and may not recover them from an adverse party 'unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.'"  *See In re Farnese*, 17 A.3d 357, 370 (Pa. 2011) (noting Pennsylvania adheres to the "American Rule" (quoting *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482–83 (Pa. 2009)).  Courts in this district have dismissed claims for attorneys' fees and costs in breach of contract claims where the plaintiff fails to plead a statutory or contractual basis for shifting these expenses.  *See, e.g.*, *Tippett v. Ameriprise Ins. Co.*, No. 14-4710, 2015 WL 1345442, at *6 (E.D. Pa. Mar. 25, 2015).

Here, Plaintiffs have failed to plead a statutory basis for shifting attorneys' fees and costs to LM.  Additionally, the Policy Plaintiffs attach to their Complaint does not provide for shifting these expenses.  *See* Compl. at Ex. A, p. 8.  Accordingly, LM's request to strike Plaintiffs' demand for attorneys' fees and costs in paragraph forty-four of the Complaint is granted.

**V.      CONCLUSION**

LM's motion to strike Plaintiffs' demand for attorneys' fees costs in the Complaint is

granted.  Notwithstanding, LM has failed to establish that the remaining allegations it seeks to

strike are redundant, impertinent or immaterial.  Accordingly, the remainder of LM's motion is

denied.

A separate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge